## 59233. MARABLE v. THE STATE.

DEEN, Chief Judge.

The defendant, indicted for malice murder (Code § 26-1101 (a)) was convicted of voluntary manslaughter. The evidence, which varies considerably in detail, establishes that he and the victim, with others, were playing cards at a card table in the trailer of a witness and were arguing with each other when the defendant took offense at remarks by the victim about his wife. He admittedly fired the fatal shot either in self-defense or in anger.

1. The defendant contends that it was error, after charging the jury on malice murder and felony murder, to give an instruction on manslaughter in such manner as to indicate to the jury that intent to kill was not a necessary element of the crime. We have studied carefully the lengthy instructions relating to the various grades of homicide and do not believe them susceptible to the criticism offered. There is no error where the evidence warrants it in charging on felony murder under an indictment for malice murder. *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975); *Cromer v. State,* 238 Ga. 425 (3) (233 SE2d 158) (1977). Aggravated assault is a felony, and a death, although unintended, resulting from such an assault may be a felony murder. *Hardy v. State,* 242 Ga. 702 (2) (251 SE2d 289) (1978); *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976). The court correctly charged these two crimes, pointing out that in felony murder the homicide might be unintended, and in malice murder express malice "is that deliberate intention unlawfully to take away the life of a fellow creature," etc., and that malice is implied "where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart."

After completing the exposition on the two varieties of murder, the judge continued by saying that should the jury find the defendant not guilty of murder "*as I have instructed you and defined two separate definitions of murder*" they would then consider the lesser offense of voluntary manslaughter "when he causes the death of another human being under circumstances that would otherwise be murder if he acts solely as the result of a sudden violent and irresistible passion resulting from serious provocation" etc. Since voluntary manslaughter could under the evidence here have been a lesser included crime of malice murder (malice alone being absent) or of felony murder (the commission of aggravated assault without intent to kill), and since the murder definitions given underscored these differences, and correctly stated that the killing must occur in the heat of passion, there was no language from which the jury

might have erroneously concluded that voluntary manslaughter might include an unintentional or accidental homicide. Indeed, had the jury found there was no intent to kill on the part of the defendant they would have by necessity returned a verdict of guilty of felony murder (if they found an aggravated assault) or an acquittal (if they found justification). The instructions were quite proper.

2. The appellant further contends that he was deprived of due process because of the frequent reference to him as "the prisoner," made during the voir dire examination. Counsel for the state responded that he was merely using the questions set out in Code § 59-806, to which counsel for the defendant stated that in that case he would add that the Code section was unconstitutional on the same grounds. The Code section in question does in fact use the word "prisoner" in one of the statutory questions; the questions themselves were not transcribed as presented to the various prospective jurors, and the question of the constitutionality of the language in Code § 59-806 has not been properly raised, so as to require this court to transfer the case to the Supreme Court for jurisdictional reasons. This ground is accordingly without merit. See also *Allen v. State,* 18 Ga. App. 1, 4 (88 SE 100) (1916); *Hall v. State,* 22 Ga. App. 112 (2) (95 SE 936) (1918).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JANUARY 14, 1980 — DECIDED APRIL 10, 1980 — REHEARING DENIED APRIL 29, 1980 — 

*Harry J. Altman,* for appellant.
*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.