## 36688. PHILLIPS v. THE STATE.

CLARKE, Justice.

Appellant Glenn Phillips and the victim "Pee Wee" Strickland spent an evening together drinking beer and taking phencyclidine, "PCP" in the company of several other persons. Sometime after midnight Pee Wee and the appellant went off together to find a hypodermic needle. Sometime in the early hours of the morning, Pee Wee was killed by repeated blows to the head with a blunt instrument. A portion of appellant's car jack was found at the scene. A bloody rock was found some distance away. Appellant's story was that the pair encountered two persons on the road who were known to Pee Wee and that they invited them to "party" with them. A fight broke out between Pee Wee and one of the newcomers named Johnny. Appellant's story is that in going to Pee Wee's aid he accidentally hit Pee Wee instead of Johnny with the tire iron. He was threatened by Johnny's friend Tim and fled. Returning to the scene later, he found Pee Wee dead. Appellant advanced alternative defenses that Johnny and Tim killed Pee Wee or that he himself accidentally killed Pee Wee. Johnny and Tim were never located, and no one at trial testified to having seen them except appellant.

Appellant appeals from a murder conviction on the basis that the court erred in failing to give a charge on accident or misfortune under Code Ann. § 26-602. Appellant did not request that a charge on accident or misfortune be given. Accident or misfortune was one of the defenses relied upon by appellant, and, therefore, a charge on accident or misfortune would have been authorized by the evidence. However, it was not appellant's sole defense. Appellant relied heavily upon the defense that the killing was done by Tim and Johnny after he fled from the scene.

We need not decide whether the failure to charge accident or misfortune was error. *Moody v. State,* 244 Ga. 247 (260 SE2d 11) (1979). This is true because the failure to request such a charge coupled with the fact that this was not the sole defense would render such possible error harmless. Further, the jury was fully charged as to the duty of the prosecutor to prove every element of the crime of murder, including intent. The jury having chosen to believe appellant guilty of murder, they could not have believed that the death of Pee Wee occurred as a result of accident or misfortune. *DeBerry v. State,*

14

241 Ga. 204 (243 SE2d 864) (1978); *Wilkie v. State,* 153 Ga. App. 609 (266 SE2d 289) (1980).

*Judgment affirmed. All the Justices concur, except Gregory, J., not participating.*

Decided January 16, 1981.

*Stan Durden,* for appellant.

*Nat Hancock, District Attorney, Tim Madison, Assistant District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson, Assistant Attorney General,* for appellee.