### 63418. MILLER v. THE STATE.

SOGNIER, Judge.

Appellant was indicted for and convicted of voluntary manslaughter. On appeal, appellant contends that the trial court

erred in failing to give certain charges to the jury, and in excluding testimony of an expert witness regarding appellant's capacity to formulate the intent to kill requisite to a conviction for voluntary manslaughter.

On September 3, 1980 appellant shot his brother with a hunting rifle. The victim subsequently died. The evidence disclosed that the brothers had a stormy relationship and fought often. The victim, although younger than appellant, was larger than his brother and was known to bully appellant. On the day of the shooting appellant and the victim had been arguing.

1. Appellant contends that the trial court erred in refusing to allow an expert witness to testify as to his opinion whether appellant could have formed the requisite intent to kill his brother. The expert witness, a psychologist, testified that appellant is mildly retarded and under certain situations could lose control because of his disability. On direct examination, the psychologist was then asked: "Do you feel, in your opinion, that Clarence, assuming . . . the shooting occurred, and Clarence was either frightened, anxious, do you feel that given his intellectual capacity that he could form the intent to kill his brother?" The trial judge sustained the state's objection to this question on the ground that the question called for a legal conclusion. Appellant made no attempt, however, to proffer the testimony he sought to elicit from the psychologist.

If appellant desired to complain of the ruling of the trial court refusing to allow the psychologist to answer the question in issue, the appellant's counsel should have made an offer of proof of the testimony which he sought to elicit. Not having done so, he has failed to show that the testimony would have benefited appellant or that its rejection was sufficiently prejudicial to warrant a reversal of the conviction. *Mahone v. State,* 120 Ga. App. 234, 235 (170 SE2d 48) (1969); *Smith v. State,* 151 Ga. App. 818 (6) (261 SE2d 721) (1979).

2. Appellant contends that the trial court erred in failing to give certain requested charges including the failure to charge on specific intent as an element of the crime of voluntary manslaughter. The trial court fully charged the jury as to the duty of the prosecutor to prove every element of the crime of voluntary manslaughter, including intent. *Phillips v. State,* 247 Ga. 13 (273 SE2d 606) (1981). The trial court charged the jury in the words of the indictment for voluntary manslaughter including "that the said accused . . . did . . . unlawfully, knowingly, willfully and intentionally kill and cause the death of one Reginald Miller . . ." In addition, the trial court charged the jury in the language of the statute concerning voluntary manslaughter. Code Ann. § 26-1102.

The instructions as a whole properly included the essential

element of intent and there was no language in the charge from which the jury might have erroneously concluded that voluntary manslaughter might include an unintentional homicide. *Marable v. State,* 154 Ga. App. 426 (268 SE2d 720) (1980).

3. Appellant also contends that the trial court erred in failing to charge the jury on involuntary manslaughter in the language of Code Ann. § 26-1103 (a), which provides: "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony." A rifle is a deadly weapon; assault with a deadly weapon constitutes aggravated assault, which is a felony. Code Ann. § 26-1302. The "unlawful act" is not "other than a felony," and a charge in the language of Code Ann. § 26-1103 (a) is not warranted. *Crawford v. State,* 245 Ga. 89, 92 (263 SE2d 131) (1980).

4. Appellant contends that the trial court erred in its charge on self-defense because the charge did not include an instruction on apparent necessity. The trial court charged the jury in the language of Code Ann. § 26-902 (a) which provides: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself . . ." In addition, the trial court charged: ". . . you may consider the previous difficulties between the accused and others, if any, in determining whether the circumstances in this particular instance were sufficient to excite the fears of the Defendant." We think the charge on self-defense was ample and adjusted to the evidence of this case.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 18, 1982 —
REHEARING DENIED JUNE 30, 1982 — 

*Harry Jay Altman II,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.