## S90A0916. NEW v. THE STATE.
(396 SE2d 486)

SMITH, Presiding Justice.

The appellant, Timothy Alan New, shot and killed his wife with a handgun. The appellant was convicted of murder and one count of possession of a firearm by a convicted felon. He received a sentence of life imprisonment for the murder conviction and a consecutive sentence of five years imprisonment for the firearm possession charge. We affirm.[1]

Mr. New and the victim had been fighting on the night of June 24, 1989, and the early morning hours of June 25. At approximately 5:00 on the morning of June 25, Mr. New struck the victim, dragged her by her hair into the back bedroom of their residence, threw her on the bed, and shot her. The victim's twin sons heard her scream, "Don't shoot me," after which they heard two shots and heard the victim say, "Uh." The victim died as the result of a close range gunshot wound to her head.

Mr. New first told the police that he had found the victim dead; subsequently, he admitted that he shot the victim but claimed it was an accident. He testified that he aimed the weapon in the victim's face to scare her or threaten her, but said he did not intend to shoot or kill her. He told the police that he disposed of the gun in a nearby lake.

1. The appellant complains that the trial court erred in not charging the jury on the defense of accident as found in *Thomas v. State*, 73 Ga. App. 803 (38 SE2d 188) (1946) and OCGA § 16-2-2. This section provides:

A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or *criminal negligence*. (Emphasis supplied.)

Criminal negligence as used in the statutes of this State means not merely such negligence as might be the foundation of a damage suit, but reckless and wanton negligence of such a character as to show an utter disregard for the safety of others who might reasonably be expected to be injured thereby.

Mr. New testified that he retrieved the weapon from the victim's

---

[1] The crimes were committed on June 25, 1989. The Rockdale County jury found the appellant guilty on November 22, 1989. A notice of appeal was filed on March 15, 1990. The transcript of evidence and the record were filed on April 11, 1990. The case was submitted on May 25, 1990.

purse, loaded and cocked it, and that it had accidentally fired three times before the victim came home. Later, he testified, "I grabbed the gun and throwed it down in her face for a threat or a scare . . . and it had a hair trigger on it, and it was cocked back." Cocking and aiming a gun at someone's face is an utter disregard for the safety of that person and constitutes criminal negligence. Therefore, according to OCGA § 16-2-2, the defense of accident is inapplicable. Further, the jury was fully charged as to the duty of the prosecutor to prove every element of the crime of murder. "The jury having chosen to believe appellant guilty of murder, they could not have believed that the death of [the victim] occurred as the result of accident or misfortune." *Phillips v. State*, 247 Ga. 13 (273 SE2d 606) (1981).

2. Mr. New contends that the evidence was insufficient to convict him of murder. We find that the evidence presented at trial authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the murder of his wife. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. We find no merit in Mr. New's third enumeration of error. *Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 1990.

*Caleb B. Banks, A. Beth Ramshaw,* for appellant.
*Robert F. Mumford, District Attorney, Cheryl F. Custer, Assistant District Attorney, C. A. Benjamin Woolf,* for appellee.