S91A1284. WEATHERSBY v. THE STATE.
(414 SE2d 200)

BENHAM, Justice.

Michael David Weathersby brings this appeal from his conviction in Cobb Superior Court of aggravated child molestation (3 counts), child molestation (3 counts), and cruelty to children (3 counts). He calls into question the sufficiency of evidence, the admissibility of evidence of similar transactions, the effectiveness of trial counsel, and the constitutionality of the Child Hearsay Statute.

1. The jury was authorized to find that during a five-year period from the time his stepdaughter-victim was in the second grade until the middle of her sixth grade year, Weathersby sexually and physically abused her and that the acts of abuse were in violation of stat-

utes prohibiting child molestation (OCGA § 16-6-4 (a)), aggravated child molestation (OCGA § 16-6-4 (c)) and cruelty to children (OCGA § 16-5-70 (b)). We find the evidence adduced at trial sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of all the charges against him. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court's admission into evidence of a purported similar transaction, a 1983 conviction for cruelty to children, impermissibly placed his character in evidence in violation of OCGA § 24-2-2. The general rule is

> that in the trial of a crime, evidence of other criminal acts by the defendant is inadmissible as it tends to place the defendant's character into evidence. [Cits.] [*State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980).]

Nevertheless, there are several exceptions to that rule. Independent crimes are admissible to show motive, intent, plan, identity, bent of mind or course of conduct. In order for these independent acts to be admissible it must be shown that the defendant was the perpetrator of the independent crime and that there is sufficient similarity of the former independent crime that it tends to prove the latter crime. *Dudley v. State*, 179 Ga. App. 252 (4) (345 SE2d 888) (1986). The similar transaction for which appellant entered a First Offender plea in 1983 involved abusive conduct by appellant toward the same victim, and occurred at the home of appellant and the victim. The facts of this case fit squarely within the exception to the rule as outlined above. Therefore, it was not error for the trial court to admit evidence of defendant's prior conviction.

Appellant also contends the trial court erred in failing to grant a mistrial or give curative instructions when a police officer testified that the defendant had been placed on probation following the first incident. Since the challenged testimony was directly responsive to defense counsel's question, the trial court did not err in failing to grant a mistrial or give curative instructions. *Henson v. State*, 168 Ga. App. 210 (2) (308 SE2d 555) (1983).

3. Appellant's allegation of ineffective assistance of trial counsel centers around counsel's failure to object to certain hearsay testimony, failure to keep out expert testimony, and failure to challenge the constitutionality of the Child Hearsay Statute.

We must review appellant's claim of ineffective assistance of counsel under the standard set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), adopted in Georgia in *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985):

First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense.

We have reviewed appellant's enumeration taking into consideration *Strickland v. Washington*, supra, and, in light of our resolution in Division 4 of the consitutional issue, we find no error in the trial court's determination that counsel was effective.

4. Lastly, appellant contends the Child Hearsay Statute is unconstitutional on its face and as applied. The statute in question provides as follows:

A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability. [OCGA § 24-3-16.]

(a) Relying on the Equal Protection Clause of the Georgia Constitution (Art. I, Sec. I, Par. II), appellant contends OCGA § 24-3-16 is unconstitutional in that it allows the state to bolster the testimony of the victim but denies the same opportunity to the defendant.

Strikingly similar issues were decided adversely to appellant in this court's decisions in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), and *Sims v. State*, 260 Ga. 782 (399 SE2d 924) (1991). In addition, we reiterate our holding in *Wilson v. Zant*, 249 Ga. 373 (290 SE2d 442) (1982), that the state has a strong governmental interest in protecting children. This court's ruling in *Denton v. Con-Way Express*, 261 Ga. 41 (402 SE2d 269) (1991), has in no way diminished our holding in those cases. Therefore, appellant's enumeration of error invoking the Equal Protection Clause is without merit.

(b) In addition to appellant's challenge under the Equal Protection Clause, appellant also contends OCGA § 24-3-16 violates the Due Process Clause of the Georgia Constitution (Art. I, Sec. I, Par. I) on its face in that it is void for vagueness and uncertainty, and that it violates Due Process as applied.

The thrust of appellant's Due Process challenge is the contention that the part of the statute which requires the court "to find that the circumstances of the statement provide sufficient indicia of reliability" is too vague. We disagree, noting that the statute has been cogently construed and applied. In that regard, we find particularly helpful the factors set out in *Gregg v. State*, 201 Ga. App. 238 (3b) (411 SE2d 65) (1991):

Indicia of reliability must spring from the circumstances of the statement. [Cits.] The factors which the court may consider, when applicable, include but are not limited to the following: (1) the atmosphere and circumstances under which the statement *was made* (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. [Cits.]

As explained in *Gregg*, the statute is readily understandable and is not void for vagueness. Therefore, we find the statute to be constitutional and we find it to be constitutionally applied in the case-in-chief: we have examined the record of this case in light of these factors and we find the existence of sufficient indicia of reliability.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

DECIDED MARCH 4, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992.

*Melodie H. Clayton,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Rose L. Wing, Assistant District Attorneys,* for appellee.