## S92A0062. BROOKS v. THE STATE.
(415 SE2d 903)

HUNT, Justice.

Brooks' 1977 malice murder conviction and death sentence were vacated on the appeal of his petition for federal habeas corpus in 1987 by the Eleventh Circuit due to a burden-shifting charge. (His convictions for rape, armed robbery and kidnapping were not vacated.) *Brooks v. Kemp*, 762 F2d 1383 (11th Cir. 1985) (en banc), reaff'd on remand, *Brooks v. Kemp*, 809 F2d 700 (11th Cir. 1987) (en banc).[1] Upon retrial in 1991 at a changed venue, the jury found Brooks guilty of murder and that the murder was committed while he was engaged in the commission of rape, OCGA § 17-10-30 (b) (2), but did not impose the death penalty.

The jury was authorized to find that Brooks kidnapped Carol Jeannine Galloway from her parents' home in Muscogee County, took her to a secluded area where he raped her and shot her in the neck, and left with her car and pocketbook. The victim bled to death before her body was located the next day. A red shirt was found nearby.

The victim's mother testified her daughter left the house at 8:15 a.m. to meet a friend for breakfast. When she looked outside a few minutes later, she saw the victim's car door open, but did not see the victim. She searched for several minutes before her daughter called faintly from a utility closet in the carport, "I'm in here; go back inside." Her mother went inside to call for help, but she heard the victim's car start. She ran outside and saw a man she did not know, in a red shirt, in the car with her daughter. Several others saw the victim's car near an elementary school that morning. Later, when Brooks realized he was being followed by the victim's fiance, he abandoned the car and took the victim's money from her pocketbook.

Brooks offered $5 to Morris Comer, who lived near the school, for a ride into the city. Brooks had on no shirt and was covered with dirt; a handgun was sticking out of his back pocket. He spent the entire ride lying down on the back seat and told Mr. Comer not to tell anybody he had seen him.

Brooks moved to suppress the in-court identifications of Mrs.

---

[1] Brooks was originally indicted on August 16, 1977, and a jury found him guilty on November 18, and sentenced him to death. This court affirmed, *Brooks v. State*, 244 Ga. 574 (261 SE2d 379) (1979), reaff'd on remand from the U. S. Supreme Court, *Brooks v. State*, 246 Ga. 262 (271 SE2d 172) (1980). After state habeas relief was denied, federal habeas was sought, which resulted in the remand from the Eleventh Circuit. *Brooks v. Kemp*, 809 F2d, supra. Brooks was reindicted for murder on December 22, 1987. Venue was changed to Morgan County, and trial commenced on January 7, 1991. The jury found Brooks guilty of murder, but recommended a life sentence. Brooks filed a motion for new trial on February 22, and amended the motion on July 12. It was denied on August 14, 1991. The defendant filed his notice of appeal on September 10; the case was docketed in this court on October 9, and argued on January 15, 1992.

Galloway and Mr. Comer at his retrial, but the motions were denied.

While in custody, Brooks explained that after he made the victim undress, raped her, and made her redress, she began screaming:

> She kept on screaming and would not shut up, so I pulled the hammer back on the pistol and pointed it at her so she would know I was serious when I told her to shut up. The pistol went off and it hit her and she fell to the ground and she kept on trying to scream but you could not hear her voice.

At trial, Brooks presented two experts, a forensic pathologist and a firearms expert, who testified to the indicia of accident in this case. The trial court refused to instruct the jury, as requested, on accident or felony involuntary manslaughter.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. Brooks complains that the trial court erred in admitting the eyewitness identifications of the victim's mother and of Comer. He contends both identifications were tainted by outside influences after the witnesses had originally failed to identify him.

The state established, "under the totality of the circumstances," that neither witness misidentified Brooks and that they recognized him from their observations at the time of the crime. *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). Accord *Jones v. State*, 258 Ga. 25, 27 (365 SE2d 263) (1988); *Baty v. State*, 257 Ga. 371, 374-375 (359 SE2d 655) (1987). Furthermore, Brooks, in his statement and at trial, admitted kidnapping and raping the victim, but claimed the killing was unintentional. Therefore, his identification was not at issue at his trial, and we find no cause for reversal.

3. Under OCGA § 16-5-3 (a), involuntary manslaughter occurs where an unintentional death is caused "by the commission of an unlawful act *other than a felony*." (Emphasis supplied.) Giving Brooks the benefit of his own testimony, he was, at the very least, engaged in the commission of an aggravated assault when the gun fired. Therefore, the trial court did not err by refusing to charge on felony involuntary manslaughter. *Binns v. State*, 258 Ga. 23, 24 (364 SE2d 871) (1988).

Nor did the trial court err in refusing to charge on accident. While the evidence presented at trial may have supported a finding that the killing was not intentional, it did not support a theory of accident as it is defined in OCGA § 16-2-2:

A person shall not be found guilty of any crime committed by misfortune or accident *where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence.*

(Emphasis supplied.) *Stewart v. State,* 261 Ga. 654 (409 SE2d 663) (1991); *New v. State,* 260 Ga. 441, 442 (396 SE2d 486) (1990).

The jury was clearly charged that it had to find the killing intentional in order to convict the defendant of murder. We find no error. *Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1992.

*Stephen B. Bright, Ruth E. Friedman, Gary Parker,* for appellant.

*Douglas C. Pullen, District Attorney, from Chattahoochee Circuit, J. Mark Shelnutt, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.