## A93A0623. BRADDOCK v. THE STATE.
### (432 SE2d 264)

BLACKBURN, Judge.

The appellant, Gary D. Braddock, was convicted by a jury of two counts of child molestation and one count of rape of his former stepdaughters and was subsequently sentenced to twelve years in prison on each offense, to serve concurrently. The trial court denied his motion for new trial and this appeal followed.

1. The defendant contends that the trial court erred in allowing the jury to question the absence of an individual who had not been called as a witness during the trial. He further asserts as error the failure of the trial court to declare a mistrial after receiving knowledge that the jury was deliberating prior to the conclusion of the trial based on the fact that a note from the jury was sent to the court inquiring into the absence of this witness before the case had actually been submitted to the jury for deliberation. We disagree.

The transcript of the trial shows that the jury submitted to the trial judge a handwritten note in which they questioned the absence of the mother of the victims and her failure to testify in support of her children in court. The note was presented to the court during a five-minute-recess period that had been provided for the purpose of allowing the state time to consider whether the state intended to present any rebuttal evidence. Counsel for the defendant immediately objected to the contents of the note and objected to the submission of the note in the court's files. Thereafter, the court asked both counsel for the defendant and the prosecutor if either wanted to call the witness to the stand. Although the defendant declined the offer, the prosecution proceeded to call the mother of the victims to rebut allegations made by the defendant during his testimony.

In *Bailey v. State*, 203 Ga. App. 133, 137 (4) (416 SE2d 151) (1992), this court held that a juror's conduct did not merit the granting of a new trial where the juror asked in a note presented to the court whether one of the defendants had pled guilty to the offense of burglary. This court concluded in *Bailey* that the juror was attempting to clear up any misconception that had been created by the defendant prior to the start of deliberations. Likewise, in *Ellis v. State*, 164 Ga. App. 366, 370 (9) (296 SE2d 726) (1982), a handwritten note was submitted by a juror to the trial judge before deliberations seeking clarification on the definition of the words agent and officer, as the terms were used interchangeably at trial. This court in *Ellis* at 370, found that the contents of the note did not indicate that an improper discussion had taken place, that any of the jurors had already formed an opinion on the case, or that a fair and impartial trial could not be had with that jury. In the present case, the question asked by the jury concerning the absence of the victims' mother did not indi-

cate that the jury had engaged in any improper discussions. The note did not imply that the jurors had formed an opinion on the case or that a fair and impartial trial could not be had with that particular jury. Although the defendant complains that the trial court erred in failing to grant a mistrial on this ground, "there was no motion made for a mistrial [on this basis] and there is nothing for this court to review. A mere objection . . . does not constitute a motion for mistrial. [Cits.]" *Johnson v. State*, 158 Ga. App. 398, 399 (2) (280 SE2d 419) (1981).

The defendant also contends that the prosecution improperly presented testimony from the victims' mother after the jury questioned her whereabouts. However, our Supreme Court "has long held that, '(w)hether the State should be permitted to introduce . . . evidence after the defendant ha(s) closed his testimony, even if it was not strictly in rebuttal, (is) a matter resting in the sound discretion of the court.' [Cit.]" *Smith v. State*, 260 Ga. 746, 748 (1) (399 SE2d 66) (1991). The testimony of the victims' mother was presented to rebut the defendant's assertion that the victims fabricated the allegations on behalf of their mother as a part of a conspiracy against the defendant. "Under the facts of this case, '(t)he trial court did not abuse its discretion in controlling the scope of rebuttal testimony.' [Cit.]" Id.

2. In his third enumeration of error, the defendant asserts that the trial court improperly admitted, over his objection, testimony concerning an alleged prior similar act that occurred approximately 15 years earlier. Specifically, the defendant asserts that he was never charged, arrested, indicted or tried for the offense and the incident is too remote in time to be considered. On the contrary, "[w]here 'similar transaction' evidence has been admissible otherwise, lapses of time of 11 years (*Rich v. State*, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985)) and of 19 years (*Cooper v. State*, 173 Ga. App. 254, 255 (325 SE2d 877) (1985)) have not demanded that the evidence was inadmissible." *Gilstrap v. State*, 261 Ga. 798, 799 (1) (410 SE2d 423) (1991). Further "[t]he lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility." *Cooper*, supra at 255. Moreover, the prior acts need not have resulted in a conviction before the acts are deemed admissible. See *Williams v. State*, 251 Ga. 749 (4) (312 SE2d 40) (1983). Consequently, this enumeration is without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 7, 1993.

*Lloyd D. Murray*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assis-*

*tant District Attorney*, for appellee.