S94A0114. CAMPBELL v. THE STATE.
(440 SE2d 5)

CARLEY, Justice.

After a jury trial, appellant was found guilty of malice murder and possession of a firearm during the commission of a felony. For the former offense, he was sentenced to life, and, for the latter offense, he was sentenced to a consecutive five-year term. Appellant's motion for new trial was denied and he appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. Appellant enumerates the general grounds.

When construed most strongly in support of the guilty verdicts, the evidence would authorize the following findings: While gambling with the victim, appellant lost all of his money. Appellant demanded that his money be returned, but the victim refused. Drawing a gun, appellant ordered the victim to kneel down, and he then placed the gun to the back of the victim's head. A shot was fired, fatally wounding the victim. After shooting and killing the victim, appellant searched through the victim's pockets in an apparent attempt to retrieve the money that he had lost gambling.

This evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the admission of evidence of his participation in another murder. The contention is that this other

---

[1] The crimes were committed on November 27, 1990. Appellant was indicted on May 7, 1991. The guilty verdicts were returned on October 21, 1991 and on November 7, 1991, the sentences were imposed. Appellant's motion for new trial was filed on December 6, 1991, and denied May 25, 1993. The notice of appeal was filed on June 22, 1993, and the case was docketed in this court on October 22, 1993. The appeal was submitted for decision on December 3, 1993.

murder was not shown to be so similar as to authorize the admission of evidence of his participation therein.

Before any evidence of an independent offense may be introduced, the State must show "that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.]" *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The two murders attributed to appellant were shown to be similar in most material respects. They both took place in the same neighborhood. In each case, the victim was a young male who was shot from behind. In both cases, the victims were killed after an altercation or confrontation and, as they lay dead or dying, their pockets were searched by appellant. The only real distinction between the two murders is that, in the instant case, appellant himself fired the fatal shot, whereas the fatal shot in the other murder was actually fired by appellant's accessory in the crime. This distinction is ultimately immaterial, however, since appellant's guilt of committing the other murder as a party thereto was otherwise clearly shown.

The trial court was authorized to find that the "similarities show a sufficient connection between the two offenses so that proof of the one tends to prove the other." *Wooten v. State*, 262 Ga. 876, 881 (4) (426 SE2d 852) (1993). The trial court gave an explicit charge on the limited admissibility of the evidence and there was no error in admitting the evidence for the jury's limited consideration.

3. The trial court's refusal to give appellant's written request to charge on the defense of accident is enumerated as error.

> A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, *or* criminal negligence.

(Emphasis supplied.) OCGA § 16-2-2. Accordingly, unless there was evidence to authorize a finding that the fatal shot had been fired without any "criminal scheme or undertaking, intention, or criminal negligence" on the part of appellant, the trial court correctly refused to give a charge on the defense of accident.

Under the State's evidence, a charge on the defense of accident would not be authorized, even if appellant did not fire the gun intentionally.

> Cocking and aiming a gun . . . at someone's [head] is an utter disregard for the safety of that person and constitutes criminal negligence. Therefore, according to [OCGA § 16-2-2], the defense of accident is inapplicable.

*New v. State*, 260 Ga. 441, 442 (1) (396 SE2d 486) (1990). See also *Brooks v. State*, 262 Ga. 187, 188 (3) (415 SE2d 903) (1992); *Stewart v. State*, 261 Ga. 654 (2) (409 SE2d 663) (1991).

Appellant's evidence likewise would not authorize a charge on the defense of accident. If, as appellant seemingly contended, he was misidentified as the perpetrator of the offense, then he did not fire the shot which killed the victim, whether accidentally or otherwise.

Thus, there was no evidence to authorize a finding that appellant actually fired the fatal shot *without* "criminal scheme or undertaking, intention, or criminal negligence." Compare *Teasley v. State*, 228 Ga. 107, 110 (3) (184 SE2d 179) (1971). It follows that appellant's written request to charge on the defense of accident was not required.

4. The police took a pre-trial statement from a young man who claimed to be an eyewitness to the shooting. Compare *Johnson v. State*, 260 Ga. 17, 18 (4) (389 SE2d 238) (1990). In this statement, appellant was identified as the perpetrator. At trial, the State called the young man as a witness and, while he admitted having heard the shot, he denied having actually seen appellant fire the gun. Over objection, the State was then allowed to introduce the witness' pre-trial statement into evidence. This evidentiary ruling is enumerated as error.

The prior inconsistent statement was correctly admitted for impeachment purposes and as substantive evidence. *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). See also *Rollins v. State*, 262 Ga. 698, 699 (1) (425 SE2d 285) (1993).

> With respect to the truth of the prior statement, the jury has the opportunity to observe the declarant as he may repudiate or vary his former statement, and as he is cross-examined. Thus, the jury can determine whether to believe the present testimony, the prior [statement] — or neither.

*Gibbons v. State*, supra at 863.

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*Elizabeth C. Calhoun*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney*, for appellee.