## A94A1042. MANSFIELD v. THE STATE.
(448 SE2d 490)

BLACKBURN, Judge.

Everett Darryl Mansfield appeals his conviction by a jury of five counts of cruelty to children. On appeal, Mansfield contends that the trial court erred in denying his motion for a new trial.

1. In his first enumeration of error, Mansfield asserts that the trial court erred in failing to give a charge, as requested, on the law of accident, in that it was his sole defense and was supported by the evidence.

OCGA § 16-2-2 provides that "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." The defense of accident is an affirmative defense. *Parks v. State*, 234 Ga. 579 (4) (216 SE2d 804) (1975). "The essence of the defense of accident is that the defendant's act is not intentional." (Citations and punctuation omitted.) *Metts v. State*, 210 Ga. App. 197, 198 (435 SE2d 525) (1993).

The facts of the present case do not warrant a charge on acci-

dent. Mansfield's defense as to some of the injuries was that the child fell off a bunk bed, as to other injuries, Mansfield had no knowledge of their origin. "[T]here is nothing to indicate that [Mansfield] himself did anything by accident or mistake." *Sampson v. State*, 165 Ga. App. 833, 834 (303 SE2d 77) (1983). See also *Fain v. State*, 165 Ga. App. 188 (3) (300 SE2d 197) (1983); *Grubbs v. State*, 167 Ga. App. 365 (2) (306 SE2d 334) (1983).

2. In his second enumeration of error, Mansfield contends the trial court erred in failing to grant his motion for mistrial after the State elicited testimony of a similar transaction. A witness for the State testified that the victim had suffered a broken leg a few months prior to the present broken leg. Upon Mansfield's motion for a mistrial, the court gave curative instructions by which the jury was informed that such evidence was inadmissible, should not be considered, and that the jury was to consider only the testimony regarding the actions contained in the indictment. No exception was taken to the curative instructions nor did Mansfield renew his motion for a mistrial.

Mansfield's failure to except to the curative instructions or renew timely his motion for mistrial precludes our review of this issue. See *Tuggle v. State*, 211 Ga. App. 854, 856 (440 SE2d 740) (1994).

3. Mansfield's third enumeration is without merit, as the trial court did give a proper jury charge on circumstantial evidence.

4. In his fourth enumeration of error, Mansfield contends that the trial court erred in allowing the Senior Casework Supervisor with the Bartow County Department of Family & Children Services to testify as an expert. This witness testified as to her extensive training and nineteen-and-one-half years' experience in protective services.

"It is within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular art, science or profession as to entitle him to be an expert. To qualify as an expert, generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as study." (Citations and punctuation omitted.) *Robinson v. State*, 203 Ga. App. 759, 761 (417 SE2d 404) (1992). We find no abuse of the trial court's discretion, as its ruling is supported by the evidence.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 26, 1994.

*Yvonne A. Twyman-Williams*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assis-*

*tant District Attorney*, for appellee.