## A95A2789. HAYWOOD v. THE STATE.
(469 SE2d 206)

McMURRAY, Presiding Judge.

Defendant Haywood appeals his conviction of a violation of the Georgia Controlled Substances Act, selling cocaine. *Held*:

1. The State's evidence shows that defendant sold a "rock" of crack cocaine to an undercover police officer. The first enumeration of error complains of the admission of certain similar transaction evidence. In the similar transaction case, defendant had entered a plea of nolo contendere and been afforded first offender status which had not been revoked at the time of trial.

Defendant cites *England v. State*, 214 Ga. App. 275 (447 SE2d 654), and particularly Judge Pope's dissent therein, as authority that Georgia law is not clear on the issue of whether a first offender record may be used to impeach a witness in a criminal case. But we reject defendant's statement of the issue. In the case sub judice, the similar transaction evidence was presented as part of the State's case in chief rather than in rebuttal or for purposes of impeachment. The State

proved the entire case in the similar transaction matter, including crime laboratory testimony. Thus, the similar transaction evidence was admissible under this Court's decision in *Tilley v. State*, 197 Ga. App. 97, 98 (2), 99 (397 SE2d 506).

Defendant presents the additional argument that there was a fundamental difference in the similar transaction incident because the purchasing police officer initiated the transaction with defendant while in the crime charged the defendant spoke first. Both transactions occurred on the same streets of Buford, Georgia, which were known as a drug hot spot, a place for virtually drive-through drug purchases. In both cases, the undercover officer drove into the area and completed small-scale purchases of crack cocaine from defendant who was on foot near the street. We find no significance in whether the officer or defendant spoke first so as to initiate the transaction.

2. Defendant's remaining enumeration of error complains of the trial court's refusal to admit into evidence six exhibits. Four of these exhibits consisted of incident reports, arrest reports, and arrest warrants arising in connection with the present prosecution of defendant or in connection with a case against another individual involving the same undercover police officer making another drug purchase on the same day that he bought contraband from defendant. This other drug seller was also arrested on the same day as defendant.

Defense counsel elicited testimony from the undercover police officer which related all of the information on these documents for the apparent purpose of establishing doubt as to the officer's identification of defendant as the perpetrator of the crime charged. The officer at first did not recall the purchase from the other seller until confronted with the documents, but acknowledged that the indication of a second drug purchase on the same day as the purchase from defendant was accurate.

The content of the documents having been fully related in the cross-examination of the undercover police officer, the exhibits defendant sought to introduce were cumulative and their admissibility within the discretion of the trial judge. Any error in the exclusion of these exhibits was harmless. *Spurgeon v. State*, 214 Ga. App. 227, 228 (447 SE2d 164).

The remaining two defense exhibits, Exhibits 4 and 5, were marked for identification but never tendered for admission into evidence. Since no ruling of the trial court concerning the admissibility of these exhibits was elicited, there could have been no error in this regard.

It does appear that defense counsel recognized a problem in establishing a foundation for his Exhibits 4 and 5, and sought to present as a witness in this regard, an employee of the clerk of the trial court. But on the prosecution's oral motion in limine it was deter-

mined that the witness could not present relevant probative evidence and was not permitted to testify. The exclusion of this witness's testimony has not been enumerated as error and thus presents no issue on appeal.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 10, 1996 —
RECONSIDERATION DENIED FEBRUARY 13, 1996 —

*David L. Lebowski,* for appellant.
*Daniel J. Porter, District Attorney, Brian K. Wilcox, Assistant District Attorney,* for appellee.