## S97A1471. DAVIS v. THE STATE.
(496 SE2d 699)

BENHAM, Chief Justice.

Appellant Donna Jean Davis was found guilty of felony murder in connection with the stabbing death of Danny Reid, her fiance's brother.[1]

1. The State presented evidence that appellant and her four children shared a Cobb County mobile home with Darryl Reid, appellant's fiance at the time of the homicide, and Darryl's brother, Danny, whose polio required him to use crutches. On the day of the fatal stabbing, Darryl, who worked nights, brought a colleague home from work, over appellant's objection. Darryl and his guest spent the day drinking beer and talking in the mobile home, and driving around. While appellant was in the kitchen preparing dinner after the visitor departed, she complained to Darryl and Danny about the lack of respect she was given in the household. She pointed the knife she was holding at Darryl, and told him she would "do it right now" if he were not holding their infant son. As Darryl took the child to a bedroom, he heard his brother fall in the kitchen. When Darryl returned to the kitchen to help his brother regain his footing, he found Danny lying on the floor in a pool of blood. The medical examiner testified that Danny had suffered a knife wound which lacerated his aorta and pericardium, causing him to die almost immediately. The State completed the presentation of its case-in-chief with evidence of a prior extrinsic act — the testimony of appellant's sister concerning the facts underlying appellant's 1991 assault of the witness with a knife, and the introduction into evidence of appellant's 1991 indictment and guilty plea for that aggravated assault, for which appellant received treatment under the First Offender Act. See OCGA § 42-8-60 et seq.

Appellant testified Darryl struck her several times while the two of them were in the kitchen, that Darryl left the room and Danny

---

[1] The crime occurred on March 16, 1993. A true bill of indictment charging appellant with malice murder and felony murder was returned August 26, 1993, and she was tried before a jury March 21-24, 1994. Upon return of the jury's guilty verdict, the trial court sentenced appellant to life imprisonment. Her motion for new trial, filed April 7, 1994, and amended April 29, 1996, was denied July 6, 1996. A timely notice of appeal was filed on July 17, 1996, and the appeal was docketed in this Court on June 5, 1997. Oral argument was heard on September 16, 1997.

entered, and that Danny was stabbed by the knife appellant was holding when appellant turned from the counter top on which she was cutting onions. While appellant admitted that she must have stabbed Danny with the knife, she was unable to recall seeing him stabbed and could not remember the knife in her hand coming to rest in the victim's chest. The evidence summarized above was sufficient to authorize a rational trier of fact to conclude that appellant was guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant believes the trial court erred in admitting into evidence her 1991 guilty plea to the charge of aggravated assault with a knife, for which she received first offender treatment. She does not take issue with the admission of her sister's testimony about the assault, making the issue whether a first offender's entry of a guilty plea to a criminal charge is admissible to establish a prior independent offense in the trial of a subsequent indictment on another charge.

The series of statutes known as the First Offender Act deal with sentencing options for a person not previously convicted of a felony. Such an individual is permitted to enter a plea of guilty or nolo contendere, to serve the probationary sentence or term of imprisonment handed down, and to be discharged without court adjudication of guilt and without a record of a criminal conviction. OCGA §§ 42-8-60; 42-8-62 (a). The "underlying humanitarian purpose" of the first offender statutes is to protect the first offender from the stigma of having a criminal record until an adjudication of guilt has been entered with regard to the crime for which the defendant was given first offender treatment. *Matthews v. State*, 268 Ga. 798 (493 SE2d 136) (1997); *Witcher v. Pender*, 260 Ga. 248, 249 (392 SE2d 6) (1990); *Jones v. State of Ga.*, 212 Ga. App. 682 (1) (442 SE2d 880) (1994). To that end, the first offender record of one who is currently serving a first offender sentence or of one who has successfully completed the first offender sentence may not be used to impeach the first offender on general credibility grounds (i.e., by establishing that the first offender has been convicted of a felony or crime of moral turpitude) because no adjudication of guilt has been entered. *Matthews v. State*, supra; *Witcher v. Pender*, supra, 260 Ga. 248. A first offender's guilty plea does not constitute a "conviction" as that term is defined in the Criminal Code of Georgia (OCGA § 16-1-3 (4)), and may not serve as the basis for a statutory suspension of a driver's license. *Priest v. State*, 261 Ga. 651 (2) (409 SE2d 657) (1991). In addition, testimony and documents concerning the entry of a guilty plea by a first offender have been ruled inadmissible when the questioned evidence was not used to impeach the first offender. *Jones v. State of Ga.*, supra, 212 Ga. App. 682, cert. dismissed, 212 Ga. App. 897. However,

"[t]o [e]nsure that in seeking the truth the jury is not misled by false or deceiving testimony," a first offender's record is admissible to impeach the first offender by disproving or contradicting facts testified to by the first offender. *Hightower v. Gen. Motors Corp.*, 255 Ga. 349, 352 (338 SE2d 426) (1986).

This Court has not addressed the propriety of using a first offender plea as evidence that the defendant committed a similar independent offense. Cf. *Weathersby v. State*, 262 Ga. 126 (2) (414 SE2d 200) (1992), where appellant's *conviction* of a crime for which he had initially received first offender treatment was admissible as a prior bad act. The Court of Appeals affirmed the trial court's decision to admit evidence of the *circumstances* of the defendant's prior conduct in *Tilley v. State*, 197 Ga. App. 97 (397 SE2d 506) (1990), but did not have to resolve whether evidence of the defendant's entry of a first offender guilty plea to the earlier charge was admissible. See also *Haywood v. State*, 220 Ga. App. 182 (1) (469 SE2d 206) (1996), where the Court of Appeals affirmed the admission of evidence establishing a similar prior bad act for which the defendant had been afforded first offender treatment after entering a plea of nolo contendere.

As the Court of Appeals noted in *Tilley*, a prior bad act need not result in a criminal conviction in order to be used as a similar transaction. See *Williams v. State*, 251 Ga. 749 (4) (312 SE2d 40) (1983); *Braddock v. State*, 208 Ga. App. 843 (2) (432 SE2d 264) (1993); *Green v. State*, 178 Ga. App. 203 (2) (342 SE2d 386) (1986). It is the similarity of the facts of the defendant's prior conduct to the facts of the case being tried that is the critical element of this type of evidence, not the adjudication of any charges which might have been brought as a result of the earlier conduct. See *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991), where this Court ruled that the proffer of a certified copy of the defendant's conviction for the prior act does not fulfill the prosecutor's duty to establish the similarity of the prior incident to the incident for which the defendant is being tried, and the defendant's identity as the perpetrator. That is not to say, however, that a certified copy of an indictment or conviction cannot be admitted, but only that such evidence is not critical to proving a prior similar offense and only supplements the critical testimonial evidence regarding similarity and identity. When, as here, the State uses a first offender record in which there is no adjudication of guilt, there is no conviction, so the supplemental evidence usually proffered in similar transaction cases is not available.

With the underlying humanitarian purpose of the First Offender Act as our lodestar and recognizing that no adjudication of guilt had been entered in appellant's 1991 first offender case at the time of appellant's murder trial, we conclude that appellant's guilty plea to

the offense for which she received first offender treatment should not have been admitted into evidence. The testimony of the victim of the 1991 aggravated assault established the similarity of the prior offense to the charge being tried and appellant's identity as the perpetrator thereof, making additional evidence cumulative. Since the first offender statutory scheme was devised to prevent a first offender who had not had an adjudication of guilt entered being treated as if the offender had been convicted, the first offender's record should not be used if there is no adjudication of guilt. See *Matthews v. State*, supra; *Witcher v. Pender*, supra. But see *Williams v. State*, 258 Ga. 281 (7) (368 SE2d 742) (1988), where this Court ruled that trial counsel was not ineffective for having failed to object to the admission of the defendant's first offender record at the sentencing phase of a subsequent death penalty trial since evidence in aggravation is not limited to convictions and reliable evidence showing general bad character is admissible.

While it was error to admit the evidence that appellant had entered a guilty plea to the earlier charge, that error does not constitute reversible error in light of the overwhelming evidence of appellant's guilt and the cumulative nature of the erroneously-admitted evidence. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

3. Appellant next contends that the trial court erred when it failed to give the jury a requested instruction on the law of accident. To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. *Koritta v. State*, 263 Ga. 703, 704 (438 SE2d 68) (1994). Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law. *Turner v. State*, 262 Ga. 359 (2) (c) (418 SE2d 52) (1992).

Appellant contends that the necessary evidence to support a charge on accident was provided by her testimony that she unintentionally stabbed Danny when she turned from the counter top with the knife in her hand, or by an investigating officer's testimony wherein the officer recounted appellant's initial statement concerning the stabbing. We disagree.

A person may not be found guilty of a crime committed by accident "where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." OCGA § 16-2-2. "Accident" is an affirmative defense (*Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997)) whereby a defendant must establish that she acted without criminal intent and was not engaged in a criminal scheme, and that her actions did not show " 'an utter disregard for the safety of others who might reasonably be expected to be injured thereby.' " *New v. State*, 260 Ga. 441 (1) (396 SE2d 486) (1990). See also *Campbell v. State*, 263 Ga. 824 (3) (440 SE2d 5) (1994). Where,

as here, the defendant admits she caused the victim's fatal wound but cannot recall how she came to inflict it, we cannot legally infer that the defendant was acting with regard for the safety of others, i.e., without criminal negligence. See *Scott v. State*, 261 Ga. 611 (1) (409 SE2d 511) (1991). See also *Mansfield v. State*, 214 Ga. App. 520 (1) (448 SE2d 490) (1994). Appellant's testimony that she had not intended to hurt anyone did not warrant a charge on accident. *Brooks v. State*, 262 Ga. 187 (3) (415 SE2d 903) (1992).

As for the officer's testimony, even if we assume arguendo that the officer's testimony concerning appellant's out-of-court statement could constitute evidence of the contents of that statement sufficient to authorize a jury instruction on an affirmative defense, appellant's initial statement, as recounted by the officer's testimony, did not authorize a charge on accident. The officer stated that appellant had told him, after he had made her aware of her rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), that Darryl had verbally abused her, she had picked up the knife, turned around to face Darryl, pointed the knife at him and told him to leave her alone. At that time, Danny joined his brother in verbally abusing appellant, and Darryl lunged at appellant, whereupon appellant "followed through with the knife," striking Danny.

An instruction to the jury on the law of accident is not warranted when a knife is used to place someone in reasonable apprehension of immediate bodily injury and the victim is unintentionally injured with the knife, since the intentional use of the knife constituted, at the least, criminal negligence. *Scott v. State*, 225 Ga. App. 729 (2) (484 SE2d 780) (1997); *Johnson v. State*, 223 Ga. App. 294 (2) (477 SE2d 439) (1996); *Keye v. State*, 136 Ga. App. 707 (1) (222 SE2d 172) (1975). In this regard, we must disapprove the language in *Allen v. State*, 260 Ga. 147 (5) (a) (390 SE2d 848) (1990), which suggests that a defendant would be entitled to a charge on accident where the defendant testified that he intentionally placed a knife to a person's throat, threatened the person, and the person's throat was accidentally pierced when the victim stepped against the knife.

We conclude that the trial court did not err in refusing to give appellant's requested charge on accident.

4. Lastly, appellant contends the trial court's instructions to the jury violated the principles set forth in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), and *Russell v. State*, 265 Ga. 203 (455 SE2d 34) (1995). In *Edge*, we disapproved the trial court instructing the jury to consider voluntary manslaughter only after considering and finding the defendant not guilty of malice murder or felony murder. Id. at 867. In *Russell*, we held it was reversible error should the trial court fail to instruct the jury that they could not find a defendant guilty of felony murder if they found the act which caused the killing

was the result of passion or provocation. See also *Edge v. State*, 261 Ga. at 867, fn. 3. In the case at bar, the trial court informed the jury of the law of malice murder, felony murder, and the underlying felony of aggravated assault, and then told them they must consider whether there was mitigating evidence that reduced the crime to voluntary manslaughter before they could return a guilty verdict on malice or felony murder. At that point, the jury was informed of the law of voluntary manslaughter and involuntary manslaughter. Thereafter, the jury was told that a verdict of felony murder was not authorized if the defendant's actions were the result of provocation and passion. The trial court's instructions did not violate the precepts of *Edge* and *Russell*.

*Judgment affirmed. All the Justices concur, except Hunstein, Carley and Hines, JJ., who concur specially, and Fletcher, P. J., who concurs in the judgment only in Division 3.*

CARLEY, Justice, concurring specially.

I concur fully in Divisions 1, 3 and 4 of the majority opinion, as well as in the affirmance of Ms. Davis' conviction and sentence. In Division 2, however, the majority concludes that the admission of Ms. Davis' 1991 guilty plea to a charge of aggravated assault with a knife, for which she received first offender treatment, was harmless error. In my opinion, the admission of the guilty plea was not error. Therefore, I concur specially.

Clearly, the guilty plea could not be used in connection with any issue requiring proof of Ms. Davis' *conviction* of the prior aggravated assault. OCGA § 42-8-62; *Matthews v. State*, 268 Ga. 798 (493 SE2d 136) (1997) (impeachment on general credibility grounds). Compare *Hightower v. General Motors Corp.*, 255 Ga. 349 (338 SE2d 426) (1986) (impeachment by disproving and contradicting first offender's testimony). However, a defendant's commission of a prior offense need not have resulted in a conviction to be admissible as "other crimes" evidence in a subsequent criminal trial. *Tilley v. State*, 197 Ga. App. 97, 98 (2) (397 SE2d 506) (1990). The admissibility of "prior act" evidence is dependent only upon its similarity to the criminal charge for which the defendant is being tried and its relevance to proving the defendant's commission of that charge. *Williams v. State*, 251 Ga. 749, 755 (4) (312 SE2d 40) (1983).

Here, there was testimony concerning the prior aggravated assault, as well as the evidence of Ms. Davis' guilty plea. This testimony was certainly admissible to show the similarity of the prior aggravated assault to that for which Ms. Davis was being tried. *Haywood v. State*, 220 Ga. App. 182 (1) (469 SE2d 206) (1996); *Tilley v. State*, supra at 98 (2). In *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991), we held that it was error to admit a certified copy

of a prior conviction *without* additional evidence of similarity. Until today, we have never held that it is error to admit a defendant's guilty plea simply because there *is* additional evidence of similarity. Evidence of prior similar crimes is not limited to convictions, and such evidence can be admitted if illustrative of relevant issues in a subsequent criminal trial.

The underlying humanitarian purpose of the First Offender Act is completely served by prohibiting the State's use of a guilty plea in connection with any issue requiring proof of the defendant's prior conviction. Although Ms. Davis has no prior convictions, it does not follow that she did not commit a prior criminal offense. The First Offender Act was never intended to insulate the defendant from all of the consequences of violating the criminal laws of Georgia and to prohibit the State from using a first offender guilty plea, as distinguished from the first offender *record*, for a relevant evidentiary purpose should the defendant allegedly commit a subsequent similar offense. Here, the guilty plea was not offered to show Ms. Davis' prior conviction for any offense, but to show that she admitted commission of a previous aggravated assault with a knife. Unlike the majority, I believe that this evidence was admissible as part of the State's proof of Ms. Davis' commission of a prior aggravated assault which was similar to that for which she was now being tried. Since the trial court properly admitted the evidence, the question of harmless error never arises.

I am authorized to state that Justice Hunstein and Justice Hines join in this special concurrence.

DECIDED MARCH 2, 1998 —
RECONSIDERATION DENIED APRIL 2, 1998.

*Alan J. Baverman,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Thomas A. Cole, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.