## A98A2370. McBURNETTE v. THE STATE.
### (512 SE2d 298)

RUFFIN, Judge.

A jury found Andrew McBurnette guilty of simple battery and the trial court sentenced him to 12 months in the Cherokee County Detention Center. McBurnette appeals, contending that the trial court erred in failing to instruct the jury on the defense of accident. For reasons which follow, we reverse.

"When there is a timely written request for an instruction on an affirmative defense that is supported by evidence, it is reversible error to fail to give the instruction, whether verbatim or in substance." *Sapp v. State*, 179 Ga. App. 614, 615 (2) (347 SE2d 354) (1986). "To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citation omitted.) *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998).

In this case, the evidence shows that on May 25, 1997, McBurnette and the victim, McBurnette's girlfriend, were arguing. As McBurnette walked away from the victim, she grabbed his arm. According to the victim, McBurnette then turned and slapped her across the face, causing her nose to bleed. However, the victim admitted that she had previously stated that McBurnette struck her with his elbow, not an open hand. See *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982) (prior inconsistent statement admissible as substantive evidence).

McBurnette, testifying on his own behalf, denied hitting the victim. On cross-examination, he stated that "I turned around to grab her to keep [her] from hitting me and she said I hit her with my elbow then. I don't recall hitting her with my elbow, that's what she said."

Although McBurnette submitted a written request for a jury instruction on the defense of accident, the trial court refused to give this instruction. In addition, the trial court specifically instructed the jury that "[t]here is no evidence here in this case of an accident occurring. The reason I say that is if you swing your hand or you swing your elbow in the immediate proximity of someone else's face and come in contact with them, then that's not an accident."

McBurnette contends that the trial court committed reversible error in refusing to charge the jury on the defense of accident. We agree. "The evidence necessary to justify a jury charge need only be enough to enable the trier of fact to carry on a legitimate process of reasoning." *Koritta v. State*, 263 Ga. 703, 704-705 (438 SE2d 68) (1994). Here, McBurnette's testimony was sufficient to raise a jury question. "Regardless of the belief of this court as to the viability of that defense, and regardless of what the trial judge thought of the credibility of [McBurnette's] defense, the jurors are the exclusive finders of fact and judges of credibility of witnesses." *Kimbrell v. State*, 148 Ga. App. 302, 305 (250 SE2d 883) (1978).

We cannot say that the failure to give the charge was harmless, particularly in light of the trial court's affirmative instruction to the jury that there was "no evidence" of accident in this case. "Accident is an affirmative defense whereby a defendant must establish that [he] acted without criminal intent and was not engaged in a criminal scheme, and that [his] actions did not show an utter disregard for the safety of others who might reasonably be expected to be injured thereby." (Citations and punctuation omitted.) *Davis*, supra at 279. The trial court apparently concluded that by turning quickly and swinging his hand or elbow, McBurnette showed utter disregard for the victim's safety. However, this is not a case in which criminal intent must necessarily be inferred by McBurnette's act of turning around quickly to keep the victim from hitting him, as he claimed. Compare *Davis*, supra at 279-280 (3) (instruction on accident not warranted where defendant fatally stabbed victim); *Stewart v. State*, 261 Ga. 654 (2) (409 SE2d 663) (1991) (charge on accident not required where defendant fatally shot victim); *New v. State*, 260 Ga. 441-442 (1) (396 SE2d 486) (1990) (defense of accident inapplicable where defendant shot victim). Accordingly, since there was some evidence to support McBurnette's claim of accident, the trial court erred in failing to charge the jury on this defense.

*Judgment reversed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 10, 1999.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.

*G. Channing Ruskell,* Solicitor, *Barry W. Hixson,* Assistant Solicitor, for appellee.