## 60530. O'BEAR v. THE STATE.

BIRDSONG, Judge.

Appellant O'Bear was found guilty of tampering with an electric meter and sentenced to pay a fine and serve twelve months on probation. He appeals. We affirm. *Held:*

1. Appellant, in two enumerations, contends that the conviction was unauthorized because the entirely circumstantial evidence was consistent with a reasonable hypothesis of innocence and did not exclude every other reasonable hypothesis save that of his guilt. We do not agree. The Georgia Power Company investigator testified that appellant was two months and sixty-five dollars delinquent in paying his electric bill. On February 13, and again on February 29, the power company sent certified letters addressed to appellant at 2055 Redwood Drive in Norcross. Delivery was attempted but the letters were unclaimed. These letters contained warnings that if the delinquencies were not cleared, appellant's service would be disconnected. At 9:00 a.m. on March 5, the investigator went to appellant's house and disconnected the electrical service. He placed a red seal on the meter indicating disconnection for nonpayment. The next day at 9:00 a.m. he returned to the house and found the red seal broken and electrical service restored. He attempted to get someone to come to the door and finally left a notice on appellant's door; the notice stated the law at Code Ann. § 26-1507 and warned that tampering would be prosecuted. At 1:00 that afternoon, he again disconnected the electrical service and placed a green seal, designating investigation, on the meter. At 9:00 that evening, he went to appellant's house, saw all the lights on, and immediately took out a warrant for appellant's arrest.

Appellant testified that he knew nothing about the entire matter. He testified that his house number was once 2055 Redwood but had been changed in the previous year to 1064 Redwood; that he sometimes had difficulty receiving his mail because of this change; that he had not received the two certified letters or known of their existence; that no one from Georgia Power had ever told him the power would be disconnected; that he was not at home on March 5 or 6 when the investigator apparently disconnected the electricity, but when he left home in the mornings, there was electrical service and when he returned at night, there was service. He did not find the warning notice left on his door. He had had several workmen at his house on March 5 and 6, doing construction renovation, but when he later asked the workmen about the electrical service tampering, they had said they knew nothing about it.

On cross examination, the investigator stated that he had seen

no workmen around the house. Appellant offered no showing as to who these workmen were and stated he did not remember who they were. No one testified other than the investigator and the appellant.

This evidence, entirely circumstantial, is sufficient to exclude every reasonable hypothesis other than that of guilt. While the appellant offered other hypotheses than that of his guilt, the trier of fact determined they were not reasonable, and the evidence sustains this determination. The determination of what is a reasonable hypothesis is a question for the trier of fact, *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474), just as the credibility of the witnesses and the quantum of evidence that will constitute proof are questions for the trier of fact. Appellant occupied the house serviced and was the person benefited by the illegal restoration of service. The trier of fact found that it was not a reasonable hypothesis that workmen tampered with the meter. The trier of fact was authorized to so find by the evidence. We are not inclined to disturb his judgment. While the judgment was not demanded in the case, the quantum and quality of evidence was sufficient to satisfy any rational trier of fact of the guilt of the appellant beyond a reasonable doubt. *Williams v. State,* 153 Ga. App. 890, 893-894 (267 SE2d 305).

2. Appellant contends the trial court erred in finding him guilty of "damaging the meter in question" as there was no evidence or testimony to show that the meter was damaged and hence there is no corpus delicti of the crime. We find no error. The trial court found appellant guilty of the offense alleged, which is "damaging or interfering with a public utility," and the evidence supports that verdict. Moreover, the evidence does support a finding of damage to the meter or other apparatus of the public utility required by Code Ann. § 26-1507. The corpus delicti was proved in this case. See *McDowell v. State,* 78 Ga. App. 116, 117 (3a) (50 SE2d 633).

Code Ann. § 26-1507(b) provides: "Where there is no evidence to the contrary, the person performing any of the illegal acts set forth in subsection (a) and/or the person, who with knowledge of such violation receives the benefit of such service without proper charge as a result of such improper action shall be presumed to be responsible for such acts of tampering or diversion." Code Ann. § 26-605 provides: "A person will not be presumed to act with criminal intention, but the trier of fact may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." Both knowledge and intent are seldom capable of proof by direct evidence. *Jones v. State,* 141 Ga. App. 17 (232 SE2d 365). The evidence in this case does not demand a verdict for the appellant, and the evidence is sufficient to support the verdict of the trial court.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

Argued September 9, 1980 — Decided October 2, 1980 —
Rehearing denied October 15, 1980 —

*Fletcher Thompson, Mark C. Ellison,* for appellant.
*Herbert T. Jenkins, Jr., Solicitor,* for appellee.