### 74386. QUEEN v. THE STATE.
(357 SE2d 150)

DEEN, Presiding Judge.

Grady Holt Queen was indicted for arson in the first degree and as an habitual offender. He received a jury trial on the arson count, was found guilty, and was sentenced to the maximum sentence of twenty years (ten to serve, ten on probation, a fine, and restitution) as an habitual offender, pursuant to the provisions of OCGA § 17-10-7.

1. In his first enumeration of error, Queen contends that the trial court erred in sentencing him as a recidivist because his prior felony conviction had been discharged under OCGA § 42-8-60, the first-offender statute.

Appellant was given first-offender treatment after he entered a guilty plea to three counts of financial transaction card fraud and was given three years on probation on each count, to be served concurrently. Queen successfully completed the terms of his sentence and was discharged on August 7, 1984. The arson felony was committed on August 22, 1985.

Because part of his sentence was probated, we find that Queen was sentenced under subsection (a) of OCGA § 17-10-7 and not under subsection (b) as he contends. Subsection (a) provides that a person convicted of a subsequent offense "shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense . . . ," but that "the trial judge may, in his discretion, probate or suspend the maximum sentence prescribed for the offense." In contrast, subsection (b) requires a fourth felony conviction to be served for the maximum time provided in the sentence without eligibility for parole. Under subsection (c), "conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction." As appellant's prior offenses were listed as different counts in one indictment, he had only one prior conviction under this code section.

The sole question for decision is whether this prior conviction can be considered when he is sentenced under subsection (a) because

he was given first offender treatment and he successfully completed the terms of his probated sentence. The purpose of first offender treatment is to permit the offender to take advantage of an opportunity for rehabilitation without the stigma of a felony conviction. "If, however, such offender does not take advantage of such opportunity for rehabilitation, his trial which has, in effect, been suspended is continued and an adjudication of guilt is made and a sentence entered." *State v. Wiley*, 233 Ga. 316, 317 (210 SE2d 790) (1974).

Under Ga. L. 1968, p. 324, § 1, the forerunner to present OCGA § 42-8-60, which provided for probation for first offenders, it was provided that, "[u]pon violation of the terms of probation, *or upon a conviction for another crime*, the court may enter an adjudication of guilt and proceed as otherwise provided." (Emphasis supplied.) The amendments to this code section which appear in Ga. L. 1985, p. 380, § 1 changed this language to read: "Upon violation by the defendant of the terms of probation *or upon a conviction for another crime during the period of probation* . . . the court may enter an adjudication of guilt." (Emphasis supplied.) OCGA § 42-8-62 provides that upon fulfillment of the terms of probation "the defendant shall be discharged without court adjudication of guilt. The discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his civil rights or liberties; and the defendant shall not be considered to have a criminal conviction." Use of the prior finding of guilt is set forth in OCGA § 42-8-65 and provides that: "*If otherwise allowable by law* in any subsequent prosecution of the defendant for any other offense, a prior finding of guilt may be pleaded and proven as if an adjudication of guilt had been entered and relief had not been granted pursuant to this article." (Emphasis supplied.) This section further provides to whom the record of discharge may be released and that "no such agency, law enforcement agency or court may release any information regarding an adjudication of guilt under this article except to disclose the fact that the defendant has exercised his or her right to first offender treatment under Georgia law and that such person has been discharged."

The foregoing provisions, however, have been held not to act as a bar to permitting a defendant to impeach a witness with her first offender record, although she has fulfilled the terms of her probation. *Gilstrap v. State*, 250 Ga. 814 (301 SE2d 277) (1983). In analyzing these provisions and their legislative changes, we find that the Op. Att'y Gen. No. U81-32 which states that "[t]he discharge does not . . . prevent the use of the record in a subsequent criminal prosecution of the defendant for a latter offense, [OCGA § 42-8-65]," to be an incorrect statement of the present law because of the changes made in 1985 to OCGA § 42-8-60. As a result, the use of the prior prosecution "is not allowable by law" as provided in OCGA § 42-8-65. Accord-

ingly, this portion of the case must be reversed and remanded for re-sentencing.

2. The admission of appellant's appearance bond in the arson case into evidence was not error. Appellant contends that it was not properly identified and that a foundation had not been laid for its admission into evidence.

The bond was signed by one Cecil Cole as surety. As no objection was raised to its authenticity in the court below, it cannot be raised for the first time on appeal. *Morris v. State*, 179 Ga. App. 228 (345 SE2d 686) (1986).

As to the claim that a proper foundation was not laid for the introduction of the document into evidence, there was testimony that Cecil Cole sold the houseboat which was burned to the appellant, and that the rightful owner of the boat could not get him to reveal where Queen lived or provide information about the sale of the boat. Appellant's release from custody upon a bond provided by Cole was therefore relevant to show the close relationship between the two men. Appellant, however, testified he was afraid of Cole and had problems getting in touch with him to obtain title to the houseboat. He also testified several times that he did not know how to get in touch with Cole and that Cole signed the bond because he "was the cause of this." Accordingly, there was no error in admitting this document because it was relevant to appellant's conduct in allegedly purchasing the boat and in providing a possible motive for burning it. Questions of relevancy are generally matters within the court's discretion. *Pope v. Propst*, 179 Ga. App. 211 (345 SE2d 880) (1986). We find no abuse of the lower court's discretion.

*Judgment affirmed in part, reversed in part, and case remanded for resentencing. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 4, 1987.

*E. Neill Wester III*, for appellant.

*Jack O. Partain III*, District Attorney, *Steven M. Harrison*, Assistant District Attorney, for appellee.