73890. HEFLIN v. THE STATE.
(358 SE2d 298)

BENHAM, Judge.

A jury found appellant guilty of the charges of which he had been accused in a 15-count indictment. Fourteen of the fifteen counts were related to attacks on various women in their automobiles. On appeal, appellant questions the sufficiency of the evidence presented against him on two counts, several evidentiary rulings, and the denial of his motion for a continuance.

1. Pursuant to appellant's petition, appellant underwent a psychiatric examination and was found competent to stand trial. On the morning of trial, appellant's counsel sought and was denied a second continuance and funds in order that appellant might undergo a second psychiatric examination. Appellant now argues that the lack of a "meaningful" psychiatric examination rendered appellant's counsel ineffective insofar as the presentation of a defense of mental illness was concerned.

"A motion for continuance is addressed to the sound discretion of the trial court, and this court will not interfere unless it is clearly shown that the court abused its discretion. [Cits.]" *Lucas v. State*, 174 Ga. App. 580 (1) (330 SE2d 792) (1985). Appellant's second mo-

tion for continuance was based upon his counsel's belief that the first psychiatric examination was not "meaningful." The record contains no evidence to support appellant's assertion. At trial, appellant called as a witness the examining psychiatrist, who expounded upon his written report and testified that he had concluded that appellant was legally sane, although suffering from schizophrenia. The State complied with its obligations under the United States Constitution as interpreted by the U. S. Supreme Court in *Ake v. Oklahoma*, 470 U. S. 68 (106 SC 1087, 84 LE2d 53) (1985), and appellant did not make a showing that additional psychiatric study was necessary. We find no abuse of discretion in the trial court's denial of appellant's motion for continuance. Insofar as appellant's enumeration of error may be read as alleging a denial of effective assistance of counsel, we note that our review of the trial transcript reveals an adequate presentation of the insanity defense. We will not further address that area of appellant's enumeration since it was not raised in the trial court. *Brown v. State*, 251 Ga. 598 (3) (308 SE2d 182) (1983).

2. Count 15 of the indictment charged appellant with entering an automobile with intent to commit a theft. See OCGA § 16-8-18. The arresting officer testified that while routinely patrolling a parking deck as a security officer, he observed an automobile, the trunk of which, although not opened, had been damaged by an attempt to pry it open. When the officer stopped appellant, whom he had observed walking quickly from the damaged vehicle, appellant displayed a tire tool and said, "You got me, I did it." Appellant now questions whether there was sufficient evidence presented concerning his intent to commit a theft.

"As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent." *Kinney v. State*, 155 Ga. App. 95 (1) (270 SE2d 209) (1980). While evidence that valuables were present in the trunk is sufficient to support a finding of the requisite intent (*Fields v. State*, 167 Ga. App. 400 (1) (306 SE2d 695) (1983)), lack of such evidence does not automatically result in a lack of evidence from which intent may be inferred. The intent to commit a theft may also be inferred by appellant's admitted action of attempting to break into an area of an automobile in which valuables might be stored. The fact that appellant may have failed in accomplishing his apparent purpose does not render a finding of guilty improper. *Bradshaw v. State*, 172 Ga. App. 330 (2) (323 SE2d 253) (1984). There was sufficient evidence to convict appellant of the crime charged.

3. Appellant also takes issue with the sufficiency of the evidence concerning the allegation that he committed aggravated assault with intent to rape the victim named in Count 10. Again, appellant challenges the evidence of his intent.

The victim named in Count 10 testified that appellant, passing as

a parking garage employee, gained access to her automobile and grabbed her around her neck. After a struggle she escaped from appellant before suffering further injury. Another victim testified she was forced to commit sodomy on a man who had gained entry to her automobile by posing as a parking garage attendant; another victim was raped in her car, in which appellant's fingerprints were found. Yet another woman identified appellant as the man who raped her in the back seat of an auto she believed to be a taxicab. All of these incidents occurred in November 1985 in or near downtown Atlanta. Evidence of the similar crimes was admissible to prove appellant's intent to rape the victim named in Count 10. *Gladson v. State,* 253 Ga. 489 (2) (322 SE2d 45) (1984). We find the evidence on that issue sufficient.

4. Appellant next asserts error in the admission of evidence of similar transactions. The State presented evidence from a woman that she had been assaulted in her automobile at 7:00 a.m. on November 20, 1985, in a neighboring county by a man who was driving the auto stolen the previous night from the victim named in Count 10. This attack preceded by a few hours the assault of the victim named in Counts 11-14. Appellant concedes the incident was similar but contends that the testimony was inadmissible because he was not identified as the perpetrator.

" 'The general rule is that on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible.' [Cits.] Yet, this court has long recognized exceptions to this general rule '. . . as when the extraneous crime forms a part of the res gestae; or *is one of a system of mutually dependent crimes*; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense . . .' [Cits.]" *Natson v. State,* 242 Ga. 618 (1) (250 SE2d 420) (1978). In light of the proximity of the timing of the separate crime to two of the incidents for which appellant was being tried; the use of the vehicle appellant was accused of taking; and the similarity of the descriptions each victim gave of her assailant, we conclude that the evidence of the separate incident was admissible as one of a system of mutually dependent crimes.

5. Appellant's failure to object to the line of questioning that serves as a basis for appellant's final enumeration of error leaves this court with nothing to review. *Curry v. State,* 233 Ga. 455, 456 (211 SE2d 746) (1975).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 1, 1987.

*Michael H. Lane*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.