76983. MADYUN v. THE STATE.
77032. AQUIL v. THE STATE.
(372 SE2d 655)

BANKE, Presiding Judge.

Madyun and Aquil were jointly tried and convicted of motor vehicle theft. Each filed a separate appeal from the denial of his motion for new trial.

The evidence established that sometime between late afternoon on January 10, 1987, and 8:00 a.m. on January 12, 1987, a Southwind motor home bearing a Virginia license plate was stolen from Ogle-

thorpe Avenue U-Haul in Albany, Georgia. The motor home was observed approximately one month later in Los Angeles, California, in the possession of the appellants. The officers who located the vehicle testified that after observing it pass through a red light, they ran a computer check on the license tag and determined that the vehicle had been stolen from "Albany." The appellants were apprehended and arrested after first attempting to outrun the police in the motor home and then attempting to flee on foot.

After his arrest, appellant Madyun made two confessions, one to the Los Angeles police and the other to a Georgia Bureau of Investigation agent. In both instances, he admitted having participated in the theft of the motor home from the Albany, Georgia, dealership. However, in neither instance did he either implicate or exonerate Aquil as a participant in the theft. *Held*:

1. The evidence was clearly sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Madyun was guilty of motor vehicle theft. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). While the evidence of Aquil's guilt was only circumstantial, we hold that it was also sufficient to establish beyond a reasonable doubt his participation in the theft.

Although recent, unexplained possession of stolen goods is not *automatically* sufficient to support a conviction of theft, it may be sufficient in the context of other circumstances. See *Bankston v. State*, 251 Ga. 730 (309 SE2d 639) (1983). We hold that the evidence of Aquil's attempted flight to avoid apprehension, coupled with his unexplained joint possession of the vehicle with Madyun, was sufficient to enable a rational trier of fact to find him guilty of participating in the theft beyond a reasonable doubt. Cf. *Leverett v. State*, 254 Ga. 691 (2) (333 SE2d 609) (1985).

2. Appellant Madyun contends that the trial court erred in allowing the state, over objection, to introduce into evidence a rifle, a briefcase and a notebook found in the motor home at the time of his arrest. Generally, the trial court has wide latitude in determining whether the probative value of evidence outweighs its potential for prejudice. See *Queen v. State*, 182 Ga. App. 794, 796 (357 SE2d 150) (1987). In this instance, we find no manifest abuse of this discretion.

3. Appellant Madyun further complains of the trial court's charge to the jury that any conflict in the testimony of witnesses should, if possible, be settled "without believing that the witness made a false statement," contending that the charge was unconstitutionally burden-shifting in light of the fact that he did not testify or otherwise offer evidence. This enumeration of error is without merit. In *Preston v. State*, 257 Ga. 42, 46 (354 SE2d 135) (1987), the Georgia Supreme Court, relying on *Noggle v. State*, 256 Ga. 383 (4) (349 SE2d 175) (1986), held that a similar instruction was not "unconstitution-

ally burden-shifting, nor violative of the defendant's Fifth Amendment privilege against self-incrimination."

*Judgments affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*W. Douglas Divine*, for appellant (case no. 76983).

*Britt R. Priddy*, for appellant (case no. 77032).

*Hobart M. Hind, District Attorney, Melodie B. Swartzbaugh, Assistant District Attorney*, for appellee.