A90A0829. TILLEY v. THE STATE.
(397 SE2d 506)

BEASLEY, Judge.

Tilley was convicted of public indecency by exposing himself in a lewd manner in the parking lot of a shopping mall. He appeals following denial of his motion for a new trial, OCGA § 16-6-8.

The evidence construed so as to uphold the verdict, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), showed the following. An off-duty out-of-uniform police officer had parked her car at the far end of the shopping mall parking lot to make it easier for her sister, with whom she was to shop, to locate her. While the officer was standing outside her car looking for her sister, the officer noticed Tilley in a small pick-up truck circling her location several times and parking in front of her car in whatever direction the officer was looking. When Tilley pulled up the third time, the officer observed that he did not have his shirt on.

The officer became suspicious of Tilley's behavior and got in her car to find paper on which to record his license plate number. Tilley

drove around the officer's car several more times and the officer again exited her car to observe the tag number. As the officer was trying to discern the number, Tilley parked his vehicle two or three parking spaces from her and "thrusted [sic] his entire bottom-half up and was masturbating in the parking lot." Tilley had "placed his entire self up in the seat so [the officer] could see him." It was still light out and there was nothing obstructing the officer's view.

The officer approached Tilley, identified herself as a police officer and told him to get out of his vehicle. Tilley's pants were at his knees and the officer noticed a roll of toilet paper in the vehicle. Tilley tried to leave. Tilley put his pants back on and the officer walked him to the mall and signed the warrant for his arrest.

1. The general grounds are based on the argument that photographs showed it was a factual impossibility for Tilley to be seen in his truck with his pants down from a distance of forty to fifty feet away.

The jury viewed the photographs and heard the defendant's explanation of the incident, that he was merely changing into his work clothes. Witness credibility and weight of evidence are jury issues, OCGA § 24-9-80.

The evidence was sufficient to enable a rational trier of fact to find Tilley guilty of public indecency beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Tilley contends the court erred in denying his motion in limine and in granting the State's motion to introduce evidence of a similar transaction, i.e., a prior act of public indecency for which he had been sentenced and subsequently discharged as a first offender. See OCGA §§ 42-8-60; 42-8-62. He argues solely that OCGA § 42-8-62 as interpreted in *Queen v. State*, 182 Ga. App. 794 (357 SE2d 150) (1987) barred introduction of the objected-to evidence.

*Queen* held that the trial court could not consider a prior first offender conviction and discharge in recidivist sentencing under OCGA § 17-10-7 (a). This case differs. Following a hearing, the trial court ruled that the State would not be allowed to introduce evidence of the first offender plea and conviction but only evidence of the transaction itself.

In order for a similar transaction to be admissible, it is not required that the transaction resulted in a conviction. *Green v. State*, 178 Ga. App. 203, 204 (2) (342 SE2d 386) (1986). Here, the disposition was irrelevant.

Only the circumstances of the similar prior incident were explored; there was no evidence of adjudication. In fact, the jury questioned the court about the outcome of the prior incident and the court, with the agreement of counsel, instructed that the jury would hear no further evidence and should make its finding of guilt or inno-

cence on the evidence presented.

The first offender disposition and discharge of the earlier accusation of public indecency did not preclude, under OCGA § 42-8-62 (a), the admission of evidence of the underlying conduct itself for the purpose of showing a similar transaction engaged in by the same person.

We point out that the provisions of OCGA §§ 42-8-62 and 42-8-65 in certain circumstances may not act as a complete bar even to introduction of the first offender conviction itself. *Gilstrap v. State*, 250 Ga. 814, 816-817 (2) (301 SE2d 277) (1983), e.g., held that a defendant could attempt to impeach a witness with the witness' first offender record even though the witness had fulfilled the terms of first offender probation.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 27, 1990.

*Michael S. Weldon*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.