A93A2026. JONES v. STATE OF GEORGIA.
(442 SE2d 880)

SMITH, Judge.

The State filed a petition pursuant to OCGA § 16-12-32 to condemn a Toyota pickup truck and a $200 check belonging to Danny Jones. The petition alleged that the truck was used by Jones to transport gambling paraphernalia, facilitating a violation of OCGA § 16-12-22, and that the check was used in, derived from, or realized through Jones's commercial gambling operation.

The record reveals that Jones was employed by Brown & Williamson Tobacco Company. After receiving information that Jones was conducting or participating in a large sports-gambling operation at work, sheriff's deputies placed Jones under surveillance. He was arrested on commercial gambling charges in Bibb County. Subsequent to Jones's arrest, his home and a truck parked at his residence in Jones County were searched pursuant to a warrant. A sports-betting form, referred to as a parlay sheet, and two handwritten lists on yellow sheets were found in the truck. The parlay sheet contained a list of college football games, the point spreads, and some of the final scores. The yellow sheets also contained, in cryptic fashion, mathe-

matical information regarding designated college sports games. Other sports-betting forms and related handwritten materials were found in Jones's residence and in his possession when he was arrested, along with Brown & Williamson payroll checks payable to other employees and endorsed to Jones. The particular $200 check that is the subject of this condemnation petition was seized from Jones's residence. It is payable to a Brown & Williamson employee and endorsed to Jones. A slip of paper found in Jones's home indicated that this employee had placed a bet with Jones.

Jones pled guilty under the First Offender Act, OCGA § 42-8-60 et seq., to the charge of commercial gambling. The State then filed this condemnation petition, and the jury returned a verdict finding in favor of the State, declaring the truck and the check forfeited to the State. Jones appeals the judgment entered on the verdict.

1. Jones contends the trial court erred in admitting testimony and documents concerning his entry of the first offender guilty plea. He argues that because he was still on probation at the time of the condemnation trial, and because it was not used for impeachment purposes, its use was prohibited. We agree and reverse.

"OCGA § 42-8-62 provides that upon fulfillment of the terms of probation under the first offender statute, the defendant shall be discharged without adjudication of guilt and 'shall not be considered to have a criminal conviction.' This provides the person who successfully completes his probation under the first offender statute protection against the stigma of a criminal record." *Witcher v. Pender*, 260 Ga. 248, 249 (392 SE2d 6) (1990).[1] This underlying humanitarian purpose must remain our guiding principle; it must remain the standard against which any possible use of a first offender record must be measured. With that underlying purpose as rationale, in *Witcher* the Supreme Court held that a first offender record may not be used in a civil case to impeach an adverse witness by using it to show a conviction for a felony or a crime of moral turpitude. There are narrow exceptions to this rule. However, it is clear that the exceptions apply only when some other compelling competing purpose is stronger than that underlying the purpose of the First Offender Act. For instance, in *Hightower v. Gen. Motors Corp.*, 255 Ga. 349 (338 SE2d 426) (1986), the offender testified in a civil suit, and the Supreme Court held that his first offender guilty plea was admissible to disprove and contradict facts testified to by him, "[t]o insure that in seeking the truth, the jury is not misled by false or deceiving testimony." Id. at 352.

---

[1] The fact that Jones had not completed his probation under the first offender statute is not material in these circumstances. See 1981 Op. Atty Gen. U81-12.

A prior first offender record may not be used to sentence a defendant as a recidivist for a later crime if the conditions of probation under the prior first offender treatment have been fulfilled and the defendant has been "discharged" under OCGA § 42-8-62. *Queen v. State*, 182 Ga. App. 794, 796 (1) (357 SE2d 150) (1987). This court held, however, in *Tilley v. State*, 197 Ga. App. 97 (397 SE2d 506) (1990), that the underlying *facts* of a prior offense, but not the first offender adjudication itself, are admissible in a later criminal prosecution to show a similar transaction. Our decision in *Tilley* turned on the fact that the behavior in issue need not result in a conviction to be admissible as a similar transaction in a later criminal prosecution.

The cases relied on by the dissent afford no authority or support for allowing the introduction of evidence of Jones's first offender guilty plea in this case. Reliance on the first offender record was not the only method available to the State to prove the property's connection to gambling activity. Numerous law enforcement personnel were involved in the surveillance, arrest, and searches leading to this condemnation action. A proper foundation for the condemnation could easily have been established by calling witnesses knowledgeable about the circumstances under which the property was seized or the investigation preceding the seizure. The procedure set forth in OCGA § 16-12-32 does not require a showing that the owner or user of the property sought to be condemned was convicted of a crime.

Jones's answer to the condemnation petition is not analogous to the testimony of the offender in *Hightower*, rendering the first offender guilty plea admissible to impeach the offender's contrary testimony. Jones did not testify in this action, and therefore his first offender record was not admissible under *Hightower*, supra. Moreover, the fact that the plea was the admission of a party opponent is not dispositive of the issue of its admissibility. A guilty plea is in all cases the admission of a party opponent. If the State's position obtains, the owner of property subject to condemnation under OCGA § 16-12-32 will be faced with the Hobson's choice of leaving the petition unanswered, thereby conceding the condemnation by default, or answering and having his first offender record used against him. Such a result is neither fair nor compatible with the purpose underlying the First Offender Act. The trial court erred in admitting into evidence Jones's first offender plea, and consequently, Jones is entitled to a new trial.

2. Because it may recur at retrial, we address Jones's contention that because they bore no relation to the items seized from the truck, the trial court also erred in admitting testimony and documents concerning gambling paraphernalia found in locations other than the truck. We find no merit in this contention. In its petition, the State alleged that the truck and the check were "used in, intended for use in, or used to facilitate a violation of the Georgia Article relating to

Gambling." It was therefore relevant to show that Jones was in fact engaged in a commercial gambling enterprise. Evidence connecting Jones to the gambling enterprise, even if found in other locations, was therefore admissible.

3. We need not address Jones's final enumeration of error, regarding the sufficiency of the evidence to justify the seizure of the truck, because the evidence may differ upon retrial.

*Judgment reversed and remanded. Pope, C. J., McMurray, P. J., Birdsong, P. J., Cooper, Johnson and Blackburn, JJ., concur. Beasley, P. J., and Andrews, J., dissent.*

BEASLEY, Presiding Judge, dissenting.

Jones pled guilty to the charge of commercial gambling, in that he did "receive and record a bet and offers of bets and did sell chances upon the partial and final results of, and upon the margin of victory in, sports games."

When a person's plea of guilty results in first offender treatment, the first offender record is not admissible to show such person has been convicted of a felony or crime of moral turpitude for impeachment purposes, because OCGA § 42-8-62 provides that upon fulfillment of the terms of probation under the first offender statute, the defendant shall be discharged without adjudication of guilt and "shall not be considered to have a criminal *conviction.*" (Punctuation omitted; emphasis supplied.) *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6) (1990). Compare *Favors v. State*, 234 Ga. 80, 87 (3) (214 SE2d 645) (1975).

However, where a witness in a civil case testifies concerning the incident resulting in a first offender plea, the plea is admissible to impeach the witness by disproving or contradicting the facts to which he testifies. *Hightower v. Gen. Motors Corp.*, 255 Ga. 349 (338 SE2d 426) (1986). In a criminal trial, the State may introduce evidence of a similar transaction for which the defendant has been subsequently discharged as a first offender, without introducing evidence of adjudication. *Tilley v. State*, 197 Ga. App. 97, 98 (2) (397 SE2d 506) (1990). See generally *Brewer v. Rogers*, 211 Ga. App. 343 (439 SE2d 77) (1993).

In this case, the trial court allowed the State's evidence that Jones pled guilty to the indictment charging him with commercial gambling, as an admission that he had committed the offense, without admitting evidence of his first offender treatment. This use of only the indictment and signed plea form, in the condemnation action directly related to them and based on the same facts, was not inconsistent with the first offender statute, as interpreted in the previously cited cases.

The State did not seek to admit evidence of the plea for the pur-

pose of showing the defendant's conviction of a crime, which is what *Witcher* prohibits. There was no evidence of adjudication, which is what *Tilley* prohibits. There was only evidence, as shown by the plea, that defendant admitted engaging in the conduct. This is not a "conviction," which is the judgment on a verdict or guilty plea. OCGA § 16-1-3 (4); Black's Law Dictionary, p. 403 (4th ed. rev., 1968).

Admission of the evidence here is consistent with *Witcher* and *Tilley* as well as *Hightower*. Certainly the statute protects defendant against the stigma of a criminal record and the loss of civil rights or liberties. It does not protect him against the loss of property used in, derived from, or realized through his commission of the crime. Use of the defendant's plea of guilty in the first offender proceeding did not create a Hobson's choice. Instead, it obviated the necessity for the State to submit all the witnesses and physical evidence to show that he had committed the prohibited act, which he had already acknowledged.

Neither the fact that he had not yet had an opportunity to complete probation and be discharged without an adjudication of guilt, nor the use of the guilty plea for a purpose other than certain types of impeachment, precluded its admission in the forfeiture, which merely proceeded upon the same underlying circumstances as did the plea. No stigma was created which would not have been created by the introduction of the underlying evidence. Nor was the exoneration purpose of the First Offender Act jeopardized, because first offender treatment does not insulate a defendant's property from forfeiture under OCGA § 16-12-32.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED MARCH 18, 1994 —
RECONSIDERATION DENIED MARCH 31, 1994 — 

*J. Russell Phillips, Jr.*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.

