### A97A1483. WILLIAMS v. THE STATE.
(492 SE2d 290)

POPE, Presiding Judge.

Defendant Michael Williams was convicted of forgery in the first degree (OCGA § 16-9-1) and entering a vehicle with the intent to commit theft (OCGA § 16-8-18). On appeal, he challenges the sufficiency of the evidence against him, the trial court's failure to give requested charges on lesser included offenses, and the trial court's consideration at sentencing of defendant's earlier first offender's plea.

Thomas Staley and his friends were in Savannah for the weekend. When they returned to Staley's van after lunch on River Street, they discovered that someone had entered the van and taken two bags. Staley later realized that his checkbook had been taken as well. There were greasy fingerprints on the driver's side window, which had apparently been pushed down manually to allow entry.

The following day, defendant went to a bank and presented one of Staley's checks. The bank employee testified that defendant identified himself as the payee on the check and tried to cash it; defendant testified that he found the check on the street, went in and presented the check to a bank employee, and asked her if it was any good. Defendant denied ever being near Staley's van on River Street, but the fingerprints on the van window matched his own.

1. Viewed in a light favorable to the verdict, this evidence was sufficient to enable rational jurors to find defendant guilty beyond a reasonable doubt of both forgery in the first-degree and entering a vehicle with the intent to commit theft. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant argues that requested charges should have been given on the lesser included offenses of forgery in the second degree and criminal trespass. Although these are lesser included offenses of forgery in the first degree and entering a vehicle with the intent to commit theft, respectively, the trial court did not err in refusing to give the requested charges because the evidence did not warrant them. See *Moses v. State*, 264 Ga. 313, 315 (2) (444 SE2d 767) (1994). Defendant denied having an intent to defraud, and he denied being anywhere near Staley's van. Accordingly, the evidence showed either the commission of the offenses as charged, or the commission of no offense. See *Parham v. State*, 218 Ga. App. 42, 43 (3) (460 SE2d 78) (1995). Compare OCGA §§ 16-9-1 & 16-9-2 (intent to defraud is

required element of forgery in second degree as well as forgery in first degree); and OCGA §§ 16-8-18 & 16-7-21 (b) (entering vehicle is required element of criminal trespass as well as entering vehicle with intent to commit theft).

3. Defendant also contends the trial court erred in considering his prior first offender plea in sentencing. Because a first offender who successfully completes his probation period "shall not be considered to have a criminal conviction," OCGA § 42-8-62 (a), his record as a first offender cannot be used for purposes of sentencing him as a recidivist under OCGA § 17-10-7. *Queen v. State*, 182 Ga. App. 794 (1) (357 SE2d 150) (1987). The Supreme Court of Georgia has held, however, that consideration of a defendant's first offender record in aggravation at sentencing is different: because evidence properly considered in aggravation is not limited to convictions but may include any reliable information tending to show a defendant's general moral character, lack of remorse, and predisposition to commit other crimes, a first offender indictment, plea, and sentence are admissible at a sentencing hearing. *Williams v. State*, 258 Ga. 281, 286-287 (7) (368 SE2d 742) (1988);[1] see also *Devier v. State*, 253 Ga. 604, 618-619 (9) (323 SE2d 150) (1984).

Citing *Jones v. State of Ga.*, 212 Ga. App. 682, 683 (1) (442 SE2d 880) (1994), defendant argues that instead of considering the first offender indictment, plea, and sentence, the court should have required testimony regarding the underlying conduct. In *Jones*, which involved a condemnation proceeding under OCGA § 16-12-32, we held that the proper procedure was to present evidence regarding the defendant's underlying behavior rather than relying on the first offender plea and record. In light of the Supreme Court's holding in *Williams*, however, which unlike *Jones* deals directly with aggravation in sentencing, we decline defendant's invitation to extend *Jones* to this situation.[2] Accordingly, the trial court did not err in considering defendant's first offender plea in sentencing.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

---

[1] In *Scott v. State*, 216 Ga. App. 692, 694 (4) (455 SE2d 609) (1995), we incorrectly stated that the trial court erred in admitting a first offender plea for purposes of aggravation at a sentencing hearing. This case need not be overruled, however, as it is physical precedent only. See Court of Appeals Rule 33 (a).

[2] Defendant attempts to distinguish *Williams* on the grounds that the Supreme Court addressed this issue in the context of an ineffective assistance of counsel argument. But it is clear from the opinion that the Court's rejection of the ineffective assistance claim was based on its conclusion that the first offender indictment, plea, and sentence were admissible. See *Williams*, 258 Ga. at 286-287.

DECIDED SEPTEMBER 15, 1997 —
RECONSIDERATION DENIED SEPTEMBER 30, 1997 —

C. Jackson Burch, for appellant.

Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney, for appellee.