A98A1741. HELTON v. THE STATE.
(508 SE2d 697)

Judge Harold R. Banke.

Gregory Lynn Helton was convicted of entering an automobile. He enumerates two errors on appeal.

This case arose after the victim, a restaurateur, left his Maxima running in front of his establishment and went inside to lock up for the evening. Moments later, he saw Helton enter the Maxima and rummage through his belongings. The victim rushed out and confronted Helton, who got out immediately and claimed he was looking for a cab. After the victim called the police, Helton was arrested nearby. During the ensuing investigation, the arresting officer learned of thefts from several other cars in the area which had been broken into that evening. *Held*:

1. Helton claims the State improperly placed his character into evidence. The exchange at issue occurred during the State's cross-examination of Helton, after he testified to a prior anxiety attack. The State asked, "Is that why you weren't driving, because of your anxiety?" Helton responded, "Yes, sir. I live with fear." The State immediately responded, "Of going to prison?" Helton answered, "No, sir. If that is to be the outcome of this —." At that point, defense counsel objected. During argument on the objection, the State indicated that it had intended to impeach Helton's statement that anxiety kept him from driving, when his habitual violator status was the reason he could not drive. The court prohibited the State from inquiring about Helton's prior arrests.

In so doing, the trial court prevented the admission of the bad character evidence. Thus, as it stands, the record contains no impli-

cation of any prior crimes or other actions sullying Helton's character. *Hall v. State*, 177 Ga. App. 464, 465 (339 SE2d 658) (1986). This fact is fatal to Helton's argument and precludes a showing of harm. See *Parker v. State*, 226 Ga. App. 462, 464 (5) (486 SE2d 687) (1997). Helton's failure to request a curative instruction waives that issue. *Simmons v. State*, 266 Ga. 223, 226 (2) (c) (466 SE2d 205) (1996); *Underwood v. State*, 218 Ga. App. 530, 534 (3) (462 SE2d 434) (1995).

2. Helton maintains the trial court erred in denying his motion for new trial. Assuming Helton is challenging the sufficiency of the evidence, we find the evidence of guilt, viewed in the light most favorable to the verdict, sufficient to sustain the conviction. Court of Appeals Rule 27 (a) (3) (requiring argument and citation of authorities for each issue presented in the brief); see *Williams v. State*, 228 Ga. App. 622 (1) (492 SE2d 290) (1997). The record shows that Helton entered the victim's car, opened the glove compartment, and was examining one of the victim's books when he was discovered. *Heflin v. State*, 183 Ga. App. 149, 150 (2) (358 SE2d 298) (1987).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 28, 1998.

*W. Keith Barber*, for appellant.

*Benjamin F. Smith, Jr., District Attorney, Charles M. Norman, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.