A06A0919. WALKER v. THE STATE.
(635 SE2d 577)

BARNES, Judge.

Richard Walker appeals his convictions for six counts of entering an automobile with the intent to commit theft in violation of OCGA

---

§ 16-8-18, and one count of possession of tools for the commission of a crime in violation of OCGA § 16-7-20. Walker was sentenced as a recidivist under OCGA § 17-10-7 (c) to twenty years with eight years to serve in custody. Walker contends that the evidence was insufficient to support his convictions. For the reasons stated below, we affirm Walker's convictions for three of the theft counts and the possession of crime tools count, but reverse on the other three theft counts.

During the early morning hours, a witness saw two men going from car to car with a flashlight in the parking lot of the Waterford Club Apartments. The witness observed the men from about 85 feet away while he was on the patio of his second floor apartment. He never saw the men's faces, but he described them as African-American males wearing dark clothes and carrying a brown plastic bag that appeared to be heavy toward the bottom. The witness called 911 and reported that the men were leaving the parking lot in a white Camaro, but then told the operator that it appeared to be a Firebird once he saw it under the lights. The witness told the operator that while the two men were going from car to car, a jogger ran by and the men retreated to an apartment entryway until the jogger passed.

A deputy on patrol for the Douglas County Sheriff's Department received a dispatch at 3:11 a.m. that two men, possibly driving a white Firebird, were suspected of entering an automobile in the Waterford Club Apartment complex. The deputy was only three blocks from the apartments when he received the dispatch, and he arrived across the street from the complex within forty-five seconds. Within thirty to forty-five seconds of the deputy's arrival, a white Camaro with two African-American males pulled out of the complex, and the deputy stopped the car, which had an expired tag, about 200 feet from the complex entrance.[1] He called for backup, and when it arrived he ordered the occupants out of the car at gunpoint.

Walker exited the driver's side, and Franklin Hunter exited the passenger side. Walker was wearing a white tank top and black denim jeans. Both men were sweaty and had grease on their hands and clothes. While waiting for his sergeant to arrive before searching the car, the deputy saw large amounts of stereo equipment, tools, flashlights and bags in plain view. When the sergeant arrived, the two officers searched the vehicle and found several in-dash radio/CD players, a backpack, several amplifiers, book bags, CD player remote controllers, CD wallets, flashlights, multiple screwdrivers and a

[1] According to the deputy, the Camaro and the Firebird have similar body styles and are both two-door sports cars with a hatchback. One is made by Chevrolet and the other is made by Pontiac, both General Motors companies.

multipurpose tool. The deputy also found a pellet gun under the passenger seat of the vehicle, and a box of latex gloves in the hatch area.

Two additional sheriff's deputies went to the apartment complex to look for vehicles with broken windows or other damage. Eventually, the deputies identified six victims of car break-ins, and Walker and Hunter were eventually charged in separate counts for each of these six victims. The officers also located other vehicles that were damaged, but could not find the owners.

Hunter was arrested along with Walker and pled guilty to all six counts of entering an automobile and to possession of tools for the commission of a crime. At Walker's trial, Hunter testified, however, that he committed the break-ins with a third person, Junior Thomas, not with Walker, and that Walker did not know about the break-ins. This was the first time that Hunter mentioned Thomas to anyone involved with this case. Hunter had three previous felony convictions, two of which were for multiple counts of entering an automobile. In both of those cases, Thomas was his co-defendant. Hunter testified that Thomas and Walker have the same build.

According to Hunter, he asked Walker earlier in the day if he could borrow the Camaro, which belonged to Walker's brother who was in the service stationed overseas and whose wife lived in Waterford Club Apartments. Both Hunter and Walker had access to this Camaro and to other cars owned by Walker's brother. At trial, Hunter claimed that he called Walker after the break-ins and asked Walker to drive him out of the complex. Hunter's mother and Walker's father lived together for a period of time and the two men consider each other brothers, but they are not actually related.

Walker contends that the circumstantial evidence of his guilt was insufficient to support his convictions on any of the seven counts. As to the six counts of entering an automobile with the intent to commit theft in violation of OCGA § 16-8-18, the State was required to prove that Walker entered an automobile with the intent to commit a theft therein. On appeal, the evidence must be viewed in the light most favorable to the verdict and Walker no longer enjoys a presumption of innocence. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). Additionally, we only determine the sufficiency of the evidence, not the credibility of the witnesses. *Matthiessen v. State*, 277 Ga. App. 54 (625 SE2d 422) (2005).

The credibility of the witnesses and the quantum of evidence that constitute proof are questions for the trier of fact. *O'Bear v. State*, 156 Ga. App. 100, 101 (1) (274 SE2d 54) (1980). Under OCGA § 24-4-6, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt

of the accused." The proved facts need exclude only *reasonable* hypotheses, not bare possibilities that the crime could have been committed by someone else. Even when the circumstantial evidence creates a strong suspicion of guilt, mere suspicion is insufficient to support a conviction. *Locklear v. State*, 249 Ga. App. 104, 105 (1) (547 SE2d 764) (2001). "Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law." (Citation and punctuation omitted.) *Morris v. State*, 202 Ga. App. 673, 674 (415 SE2d 485) (1992).

1. As to Count 1, Marcella Jones, who was a resident of the apartment complex, testified that she discovered the morning after Walker was arrested that the driver's side door lock of her car had been popped out and her Pioneer stereo had been stolen. Jones reported the break-in, and a detective later identified the stereo among the items found in the Camaro driven by Walker. Jones recovered the stereo that afternoon. This evidence is sufficient to sustain Walker's conviction for Count 1. *Davis v. State*, 263 Ga. App. 230, 231 (1) (587 SE2d 398) (2003) (circumstantial evidence defendant found just outside fenced-in property carrying burglary tools with property taken from a car inside the fence sufficient).

2. Count 2 charged Walker with entering a 1999 Chevrolet S10 belonging to Chris Arno, with the intent to commit a theft. Arno testified that the officers notified him on the morning of Walker's arrest that someone had broken into his truck. The door handle was damaged and there was a hole in the door. Missing were a Sony CD player, a radar detector, an amplifier, a set of JL speakers, and two subwoofers with a mounting box. These items were found in Walker's car and were returned to Arno, all heavily damaged. This evidence is sufficient to sustain the conviction on Count 2.

3. Count 6 charged Walker with entering a 1997 Chevrolet Cavalier, owned by Jeffrey Scott, with the intent to commit a theft. A deputy discovered that the passenger side door lock and trunk lock on Scott's car had been popped out, and Scott confirmed that someone had broken into his car. He identified as his property several items found in Walker's car, including his wallet containing his identification. This evidence is sufficient to sustain Walker's conviction on Count 6.

4. The evidence regarding Counts 3 and 4, however, is not sufficient to sustain these convictions. In a prosecution for entering an automobile with the intent to commit theft, if the State relies on circumstantial evidence that defendant is in possession of recently stolen goods, it must positively identify those goods to sustain a conviction. *Caldwell v. State*, 183 Ga. App. 110, 111 (1) (357 SE2d 845)

(1987). Without testimony from the victim that he recovered items stolen out of his vehicle from Walker's vehicle, or other direct evidence linking Walker to the victim, the evidence is insufficient. Count 3 charged Walker with entering a 1997 Nissan Altima, owned by Juawanna Britt, with the intent to commit a theft. Britt discovered that the small window on the back passenger side was broken, and the radio faceplate was gone along with her key card used to gain entrance to the complex. She reported the break-in to the sheriff's department but neither of the items was recovered from Walker's car. No other evidence connected Walker with the damage to the car or the theft of this faceplate and key card.

Count 4 charged Walker with entering a 1987 Chevrolet Blazer, owned by Delroy Christian, with the intent to commit theft. Christian testified that the door to his Blazer had been pried open and the radio was missing. He went to the sheriff's office a number of times, but the officer in charge was unavailable both times and the victim was unable to look at the items recovered from Walker's car. At trial two years after the break-in, Christian was unable to identify with certainty his radio from the items recovered from the Camaro, although one of them "kind of" looked like the one taken from his car. Christian also testified that he had been the victim of a different vehicle break-in at the Waterford Club Apartments, and that there had been numerous other vehicle break-ins in the complex.

Neither of the victims in Counts 3 and 4 could positively identify the items missing from their vehicles from among the items recovered from Walker's car. Further, Christian testified about other recent automobile break-ins at the apartment complex, and Hunter's testimony raises the possibility of a third person who may be responsible for break-ins that night. Considering this testimony with the State's failure to connect the specific items taken from the victims to items found in Walker's car, the State's evidence fails to exclude every hypothesis other than guilt. See OCGA § 16-2-6 ("A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."). We therefore reverse Walker's convictions on Counts 3 and 4.

5. Finally, the evidence was insufficient to sustain Walker's conviction of Count 5, which charged him with entering a 1989 BMW 325i, owned by Calvin Riley, with the intent to commit a theft. Riley was the only victim of the break-ins who did not testify at trial. A deputy testified that he spoke with Riley after discovering that someone had tampered with his car, and another deputy had returned a car stereo system and a remote control to Riley, but neither Riley nor the deputy who returned the items to him testified.

Thus the only evidence the State presented regarding this count was a deputy's hearsay testimony that Riley owned the BMW 325i and was a victim. This testimony was inadmissible hearsay, with no probative value. *Brown v. State*, 199 Ga. App. 18, 20 (2) (404 SE2d 154) (1991).

The State argues that Hunter's testimony that he broke into the BMW and stole the items that the deputy later returned to Riley created a reasonable hypothesis from which the jury could infer Walker's guilt. To the contrary, Walker's presence with Hunter at the scene of the crime, without any other direct evidence, is insufficient to convict Walker of the crimes that Hunter admitted to committing. Although questions about the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence, hearsay testimony of a deputy and the testimony of Hunter that he himself committed the crime do not create a reasonable hypothesis of Walker's guilt. *Smith v. State*, 280 Ga. 161, 162 (1) (625 SE2d 766) (2006).

The State also argues that, while evidence of stolen articles in Walker's vehicle supports a finding of the requisite intent, lack of such evidence does not automatically mean no intent may be inferred, citing *Heflin v. State*, 183 Ga. App. 149, 150 (2) (358 SE2d 298) (1987). In *Heflin*, however, the defendant admitted that he attempted to break into an area in an automobile in which valuables might be stored. In this case, Walker made no such admission for the State to rely on.

The State further argues that whether a defendant has the requisite intent to commit a crime is a question for the jury. *Mills v. State*, 198 Ga. App. 527, 529 (2) (402 SE2d 123) (1991). While this argument is generally true, in *Mills*, all of the State's witnesses identified the defendant as the man they observed on the night of the theft, which is not the case here. No positive evidence linked items stolen from Riley to Walker, and no eyewitness saw Walker actually take the items from Riley's BMW.

The State finally argues that, although mere presence at the scene of the crime is not sufficient evidence to convict one of being a party to the crime, presence coupled with companionship and conduct before and after the offense are circumstances from which criminal intent may be inferred. *Smith v. State*, 188 Ga. App. 415, 416 (1) (373 SE2d 97) (1988). In *Smith*, an eyewitness testified that he saw the defendant's vehicle stopped in front of a vehicle, but defendant offered a reasonable explanation for being at the scene of the crime. In this case and in *Smith*, all evidence against the defendant was circumstantial and testimony at trial established a reasonable hypothesis of innocence. While the circumstantial evidence, including presence at the scene of the crime, raised a suspicion of Walker's guilt,

it was not sufficient to exclude every other reasonable hypothesis. Id. at 417. Thus, the evidence was not sufficient to sustain the conviction on Count 5.

6. Walker contends that the evidence was insufficient to sustain his conviction on Count 7, which charged him with having in his possession screwdrivers and flashlights which are commonly used in the commission of a theft, with the intent to use them in the commission of a crime under OCGA § 16-7-20. The deputy who searched Walker's Camaro testified that he found black flashlights and multiple screwdrivers in the front doors of the vehicle and strewn throughout the vehicle. The witness testified that he saw the two suspects using a flashlight while breaking into cars. The deputy testified that it is common to place a flat-bladed screwdriver on the door lock, shove it through the skin of the door, press down, and open the door. He further testified that screwdrivers are commonly used to break into car doors, pop car windows, and pry trunk locks.

Although Hunter testified that the tools belonged to him, and that Walker neither used the tools to commit a crime nor knew they were used to commit a crime, the jury could judge Hunter's credibility for themselves and consider the evidence to the contrary. Along with the stolen items found in Walker's vehicle, and Walker's presence at the scene of the crime where cars were broken into with the kind of tools found in his vehicle, the evidence was sufficient to sustain the conviction on this count. *Evans v. State*, 216 Ga. App. 21, 24 (2) (453 SE2d 100) (1995).[2]

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Bernes, J., concur.*

DECIDED AUGUST 14, 2006.

*Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney, Thomas R. Thompson, Assistant District Attorney*, for appellee.

---

[2] "The discovery of the screwdriver and the misleading claims of [defendants] as to how long they had been in the parking lots, coupled with their prior suspicious activity, provided the officers with probable cause to arrest the trio for loitering and prowling and for possession of tools for the commission of a crime."