A07A1502. IN THE INTEREST OF B. D., a child.
(651 SE2d 129)

MILLER, Judge.

The Ware County Juvenile Court adjudicated 15-year-old B. D. delinquent for acts that, if committed by an adult, would have constituted the offense of entering an automobile with the intent to commit a theft or felony. OCGA § 16-8-18. B. D. appeals, challenging the sufficiency of the evidence and claiming the trial court erred in denying his motion for a directed verdict based on such insufficiency. Discerning no error, we affirm.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we view the evidence in favor of the juvenile court's finding, determining only if a reasonable [trier] of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. *In the Interest of M. C. A.*, 263 Ga. App. 770 (589 SE2d 331) (2003); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*In the Interest of K. B. F.*, 274 Ga. App. 186, 186-187 (617 SE2d 153) (2005). So viewed, the evidence shows that a stereo was stolen from a 1995 Chevrolet Monte Carlo in June 2005. J. B. M. testified that B. D. drove him to the house where the Monte Carlo was parked, that B. D. waited for him while he removed the stereo from the Monte Carlo, that he returned to the car being driven by B. D., and that B. D. later sold the stereo for him.

Officer Larry Hill, Jr. of the Waycross Police Department testified that when he first questioned J. B. M. about the incident, J. B. M. told him that he was initially unable to remove the stereo from the Monte Carlo and that B. D. had assisted him in doing so. When Officer Hill questioned B. D. about the stereo, he first responded that he knew nothing about it but later admitted that he and J. B. M. had sold it, "but I can get you the stereo back." B. D. denied that he had been in the car or sold the stereo and claimed that he only said he could get the stereo back because he had been living with J. B. M. and might be able to find out what he had done with it.

Regardless of whether B. D. was in the Monte Carlo with J. B. M. when the stereo was stolen, OCGA § 16-2-21 provides that a person may be convicted of a crime if he was a party to it, regardless of whether he was the primary perpetrator. Moreover, "[t]he State is not required to indicate in the indictment that it is charging a person as a party to the crime. [Cit.]" *Glenn v. State*, 278 Ga. 291, 294 (1) (b), n. 4 (602 SE2d 577) (2004).

While "mere presence at the scene of the crime is not sufficient evidence to convict one of being a party to the crime, presence coupled with companionship and conduct before and after the offense are circumstances from which criminal intent may be inferred." (Citation omitted.) *Walker v. State*, 281 Ga. App. 94, 99 (5) (635 SE2d 577) (2006). Here, J. B. M. testified that B. D. drove him to the Monte Carlo, waited for him while he stole the stereo, and later sold the stereo for him. Although OCGA § 24-4-8 requires corroboration of the testimony of an accomplice, it is not required that such corroboration of itself be sufficient to warrant a verdict, and "slight evidence of corroboration connecting the defendant with the crime is sufficient." *Leonard v. State*, 171 Ga. App. 176 (1) (319 SE2d 64) (1984). Here, such corroboration was provided by the testimony of Officer Hill.

Although B. D. disputed the testimony of both J. B. M. and Officer Hill, "[t]he resolution of conflicts in the evidence and the credibility of the witnesses falls within the province of the trial court." *In the Interest of R. H.*, 266 Ga. App. 751 (598 SE2d 369) (2004). Given that the evidence was, therefore, sufficient to find B. D. delinquent for acts that would have constituted the charged offenses if committed by an adult, the trial court properly denied B. D.'s motion for a directed verdict. See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998) ("The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson*[, supra, 443 U. S. at 307], the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.").

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 9, 2007.

*Talethia R. Weekley*, for appellant.

*Richard E. Currie, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.