A11A0553. IN THE INTEREST OF K. A. F., a child.
(712 SE2d 138)

DOYLE, Judge.

K. A. F. was adjudicated delinquent in the Juvenile Court of Chatham County based on a petition alleging that he entered an

---

automobile with the intent to commit a theft or felony.[1] On appeal, K. A. F. argues that the evidence was insufficient to support his delinquency adjudication. We affirm for the reasons that follow.

> On appeal from a delinquency adjudication, we view the evidence in a light most favorable to support the juvenile court's findings and judgment. Because it is the juvenile court's role to resolve conflicts in the evidence, we do not weigh the evidence, but merely evaluate its sufficiency.[2]

So viewed, the evidence presented to the juvenile court shows that on August 14, 2010, Jacquelyn McDonald, accompanied by her child and husband, parked her car and entered a local restaurant to place a take-out order. While she waited on her order, K. A. F., whom McDonald recognized from the neighborhood, entered the restaurant, looked at her, and then exited. K. A. F. soon re-entered the restaurant, this time standing between McDonald and her vehicle. As McDonald prepared to leave, a woman entered the restaurant to tell her that someone was breaking into McDonald's car. McDonald saw K. A. F. and another male run away from the area with her purse and jump over a chain link fence; the window of McDonald's vehicle had been smashed. McDonald gave the responding officers a physical description of K. A. F.'s hair style and clothing, which he was still wearing when police confronted him 15 minutes later. When McDonald's purse was found in a nearby shed, $340 was missing.

K. A. F. argues that there was insufficient evidence to support his entering an automobile adjudication because the State failed to produce sufficient evidence to exclude the hypothesis that K. A. F. was merely present at the scene of the crime in which he did not participate. We disagree and affirm the adjudication.

"While mere presence at the scene of the crime is not sufficient evidence to convict one of being a party to the crime, presence coupled with companionship and conduct before and after the offense are circumstances from which criminal intent may be inferred."[3] Moreover, a person is guilty of entering an automobile if he "enter[s] any automobile or other motor vehicle with the intent to commit a theft or a felony,"[4] and "[e]very person concerned in the commission of a crime is a party thereto and may be charged with

---

[1] OCGA § 16-8-18.

[2] (Punctuation omitted.) *In the Interest of J. T.*, 297 Ga. App. 636, 637 (678 SE2d 111) (2009).

[3] (Punctuation omitted.) *In the Interest of B. D.*, 287 Ga. App. 185, 186 (651 SE2d 129) (2007).

[4] OCGA § 16-8-18.

and convicted of commission of the crime."[5] Although K. A. F. told officers that he was asked by an individual named Kenny to see if McDonald was playing a video game inside the restaurant and that he was not involved with the theft of the purse from McDonald's vehicle, McDonald's testimony concerning K. A. F.'s conduct during and after the theft was sufficient to support the juvenile court's adjudication of delinquency in this case.[6]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JUNE 17, 2011.

*Yolanda Bacharach*, for appellant.
*Larry Chisolm, District Attorney, Bess L. Walthour, Diane M. McLeod, Assistant District Attorneys*, for appellee.

